**SHROPSHIRE et al. v. CORNELL et al.**

No. 9488.

Court of Civil Appeals of Texas. San Antonio.

Jan. 2, 1935.

Rehearing Denied June 5, 1935.

Atlas Jones, of Uvalde, for plaintiffs in error.

Morriss & Morriss, of San Antonio, and James Cornell, of San Angelo, for defendants in error.

SMITH, Justice.

On April 27, 1930, W. Shropshire and his wife, Mattie H. Shropshire, entered into a written contract for the sale and conveyance, by general warranty deed, of the lands embraced in a certain ranch in Uvalde county, to James Cornell, or his nominee. The recited aggregate consideration for the sale was $78,885, represented by the payment, or assumption, of debts and taxes outstanding against the properties, and the balance in cash. It was recited in the contract that the land was encumbered by one obligation for $20,000, another for $27,372, and another, representing purchase-money obligations upon state school lands in the ranch, for $3,000; and that taxes were due upon some of the lands; that "the buyer is to pay, or cause to be paid, all sums of money above enumerated, or such amounts as may be due, principal, interest and attorney's fees, if any, and is to pay, or withhold to be paid, a sum of money sufficient to pay the amount necessary to secure patents upon lands above referred to not patented, and to pay all taxes, including those for the year 1929, together with penalties and costs, if any, and so much of the taxes due for the year 1930, as will pay for that portion of 1930 up to the time of delivery of possession, and the remaining consideration shall be paid to sellers, or to their order, upon delivery of deed, or deeds, as hereinabove provided for."

In short, it was provided in said contract that the buyer should pay off or assume all obligations outstanding against the ranch properties, and pay the sellers, in cash, the difference between the amount of those obligations and $78,885.

In pursuance of the foregoing contract, the proposed sale was consummated, on May 13, 1930, by deed executed by the

Shropshires, who thereby conveyed the lands involved to John F. Dooley (Cornell's nominee), for a consideration recited in said deed as follows: $19,540 in cash, receipt of which was acknowledged; the assumption of the obligations of $20,000, $27,372, and $3,000, respectively, as described in said contract, and the further assumption of all taxes due, and of all amounts due the state upon the purchase price of unpatented lands in the ranch. By the terms of the deed the grantors warranted the title to all the lands therein conveyed, "subject to the debts hereinabove enumerated and to the exception that the grantor herein does not warrant title to section No. 842" (thereinabove fully described).

With obvious reference to and in explanation of the exception of section 842 from the warranty in the deed, the record shows that, contemporaneously with the execution and delivery of the deed to them, the grantee and his guarantor executed the following memorandum agreement:

"May 13, 1930

"Dr. & Mrs. W. Shropshire, City.

"Dear Doctor & Mrs. Shropshire: You have this day conveyed to me what is known as the Shropshire ranch in Uvalde County.

"Among the tracts conveyed is section 842, the title to which you do not warrant. This is to evidence my obligation to pay you $2880. cash when I perfect the title thereto, if I do, less amount paid to the state of Texas and the expense of perfecting the title. I promise to use my best efforts to perfect title thereto.

"Respectfully,

"Jno. F. Dooley.

"Guaranteed

"James Cornell."

The evidence showed that section 842 contained 320 acres, and that the agreed purchase price therefor was $2,880, which was withheld by the grantees from the total cash consideration for the ranch, pending and subject to perfection of title thereto which seems to have been in doubt. The grantees alleged and testified, while grantors denied, that the latter accepted and agreed to the novation implied in the above set out memorandum concerning section 842.

Subsequent to the execution and delivery of the deed, and to entry into possession of the ranch by Dooley, the grantee,

the Shropshires, as grantors, brought this action against Dooley and Cornell in the form of trespass to try title, and in the alternative to recover $3,557.99, alleged to be the balance owing to them upon the purchase price of the land, including section 842. Upon a trial the court directed a verdict against the Shropshires, who have appealed from the resulting judgment denying any recovery to them.

■ In their first proposition appellants complain of the action of the trial court in overruling their special exception to appellees' answer. The statement under this proposition is not sufficient to invoke review in an appellate court. Neither the pleadings excepted to nor the exception thereto is substantially set out in the brief, and this court is not required to search the transcript in order to view the matters to be passed upon. Moreover, it appears from the statement in the brief that, when the exception was presented, the court merely "deferred" ruling thereon. It does not appear from the statement that the exception was overruled or that the judge declined to rule thereon. The proposition presents no specific error, and will be overruled.

■ For related reasons plaintiffs in error's second proposition must be overruled. In that proposition the complaint is that the court erred in sustaining a motion to strike "all evidence offered by plaintiffs with reference to" a certain agreement. It appears from the statement under this proposition, however, that "the plaintiffs did not offer any such evidence as mentioned in said motion" to strike. It follows, as a matter of course, that, if the testimony ordered stricken was never put in evidence, the plaintiffs were not injured by an order excluding it from consideration.

It is obvious from the record, and plaintiffs in error in effect concede, that they were not entitled to recovery of the land, under their count in trespass to try title, and that branch of the case will not be further noticed here.

■ In their second count plaintiffs in error alleged, in the most general language, that they fully performed said contract of sale, and delivered deed to and possession of the land to the designated nominee, Dooley; that defendants in error, "when they took possession of the said land and premises, still owed plaintiffs a balance on the purchase money

thereof, which balance was $3,557.99, and which balance was part of the consideration, and part of the purchase price of said land under the contract" of sale.

Under the foregoing allegations plaintiffs in error sought to establish by parol numerous collateral agreements and understandings between the parties whereby a certain sum, apparently $3,000, was withheld out of the cash payment due under the terms of the contract, or deed, and had not yet been paid. At the same time, however, plaintiffs in error concede that the entire amount of the recited cash consideration, $19,540, was paid to them by defendants in error upon delivery of the deed, and no contention was made below, or is made here, that the other elements of consideration were falsely or mistakenly or accidentally misstated in the deed, or that defendants in error have failed to perform the obligations therein imposed upon them, in any particular. Without allegations and proof that the deed does not faithfully express the ultimate agreement of the parties—that through fraud, accident, or mistake the true agreement was not expressed in the deed—plaintiffs in error will not be heard to repudiate that instrument, or to modify the rights and obligations as therein fixed. In short, plaintiffs in error will not be permitted, in the absence of such predicate, to say that by a contemporaneous parol agreement among the parties defendant in error became liable for an additional contractual consideration not expressed in the deed, which purported to state the whole consideration and recite the full performance thereof by the grantee.

Plaintiffs in error, in their brief, undertake to tie their contention for an alleged balance due upon the consideration, to the written memorandum agreement of defendants in error to pay for section 842 upon the completion of the title thereto. But in their petition, and by their testimony, plaintiffs in error vigorously repudiated that agreement, denying that they ever accepted, acquiesced in or had any knowledge of it, but insisted that the balance they were contending for is represented by an amount withheld by defendants in error (under a parol agreement of the parties) out of the cash consideration, on account of a suit then pending against plaintiffs in error. If plaintiffs in error wanted to adopt and accept the benefits of the memorandum agreement, they could have done so by pleading in this suit or by separate action. But they cannot do so, in this action, after judgment below and on appeal here.

The judgment is affirmed.

### On Motion for Rehearing.

It was said in the concluding paragraph of the original opinion that: "If plaintiffs in error wanted to adopt and accept the benefits of the memorandum agreement, they could have done so by pleading in this suit or by separate action. But they cannot do so after judgment below and on appeal here."

The closing sentence is deemed more restrictive of plaintiffs in error's remedies than was intended, and has been amended to read: "But they cannot do so, in this action, after judgment below, and on appeal here." With that correction in the original opinion, plaintiffs in error's motion for rehearing is overruled.