SELEY et al. v. COLBERT.   (No. 210.)

(Court of Civil Appeals of Texas.   Waco.
April 16, 1925.   Rehearing Denied
May 21, 1925.)

1. Evidence ⟨⟩469—Executed oral agreement to accept services in payment of note held not within rule prohibiting variation of written obligation by parol.

Oral ·agreement to accept services in payment of note, when services have been performed, *held* not within rule prohibiting variation of written obligation by parol.

2. Payment ⟨⟩28—Party, orally agreeing to credit services on note, will be required to so credit them.

Party accepting services, under oral agreement to credit on note, will be required to so credit them.

3. Payment ⟨⟩28—Indorsers, consenting to payment to payee in work, held estopped from claiming maker should pay them.

Where indorsees, on indorsement of note to them, orally agreed that maker might pay the note by doing work for the payee, and that such work should be credited on the note, and maker performed such work, which was accepted by payee in settlement of the note, indorsees were estopped from claiming the maker should pay them, and maker was relieved from liability.

Appeal from District Court, McLennan County.

Suit by C. M. Seley and others against H. L. Colbert.   Judgment for defendant, and ·plaintiffs appeal.   Affirmed.

Garrett & Sheehy, of Waco, for appellants.
Nat Harris, of Waco, for appellee.

BARCUS, J.   Appellants filed suit against appellee to recover on a note, dated July 7, 1920, for $750, payable in monthly installments of $50 each, beginning on August 8, 1920, the note having been executed by appellee to the Waco Motor Company, a corporation, in payment for an automobile.   The note was indorsed by the Waco Motor Company to appellants, who were conducting a banking business.   Appellee alleged as a defense to the note that, at the time the same was given, and at various times thereafter, he had an agreement with the Waco Motor Company to pay the note in work, painting, and repairing automobiles for the Waco Motor Company, and that the appellants, at the time they obtained the note from the Waco Motor Company, knew of said arrangement and agreement and at said time agreed with the Waco Motor Company that the note could be paid in said manner, and after receiving same, knew that appellee was performing said services for the Waco Motor Company, relying on the contract that the same would be applied to the payment of the note.   It was an established fact that appellee and the Waco Motor Company did make the contract that appellee could pay the note by performing labor and services for the Waco Motor Company, and relying thereon, appellee did perform services and labor before the note matured sufficient to fully discharge and pay same, and the Waco Motor Company, as the work was done, agreed to credit the note.   The president of the Waco Motor Company and appellee both testified that the note had been fully discharged and paid in said manner.   As between the Waco Motor Company and appellee, there could be no question raised but that the note had been fully paid.

The jury found, in answer to special issues, that at the time appellants purchased the note from the Waco Motor Company they agreed with Mr. Lee, the president of the Waco Motor Company, that appellee should have the right to pay the note by doing work for the Waco Motor Company, and that appellants agreed that appellee should have credit on the note for such work as he did for said Waco Motor Company.   The evidence supports the findings of the jury.

[1, 2] We recognize the rule that parol testimony cannot be offered to vary the terms of a written contract (Chalk v. Daggett [Tex. Com. App.] 257 S. W. 228), and that a parol agreement to permit a promissory note to be paid in anything except money is not enforceable (Roundtree v. Gilroy, 57 Tex. 176).   Where, however, parties make an oral agreement that a note may be paid by services to be performed, and the party performs the service, which is accepted, it does not come within the rule of varying written obligations.   It is a contract that has been performed and when the party has accepted the services and labor with the agreement that he will credit the value thereof on the note, he will be required so to do.   21 R. C. L. 45; 30 Cyc. 1187.

[3] The jury found that appellants, at the time they took the note, agreed with the Waco Motor Company that appellee should have the right to pay the note by doing work for the Waco Motor Company, and that the work done by appellee for the Waco Motor Company should be credited on the note.   Appellants, from the findings of the jury, having made said agreement, and it being an admitted fact that appellee had performed services for the Waco Motor Company, which it had accepted in full payment of the amount due on the note, are estopped from claiming that appellee should pay them.   The evidence shows that appellants as bankers were carrying a large amount of the Waco Motor Company's paper, and assisting it in financing its business.   The note in question·

was payable to the Waco Motor Company and by it indorsed, and appellants had the right to authorize the Waco Motor Company to accept payment of the note either in cash or by services performed, and appellee, having paid the note by performing services, which were acceptable to the Waco Motor Company, under the agreement that appellants had made with the Waco Motor Company, was relieved from any liability to appellants.

We have considered all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.