WILLIAM LEE KIDD ET UX V. EDNA LUCILLE YOUNG ET AL.

No. A-470. Decided October 31, 1945.
Rehearing overruled November 28, 1945.
(190 S. W., 2d Series, 65.)

*W. F. Nix,* of Amarillo, for petitioners.

A parol agreement to reconvey real property, grafted upon a fraudulent conveyance, constitutes no defense, nor does it establish a parol trust in a suit by grantee in the deed under such conveyance against the grantor, for title and possession, and it was error for the Court of Civil Appeals to hold that equity raised a parol trust to protect the fraudulent grantor in the fraudulent conveyance. Eastham v. Roundtree,' 56 Texas 110; Hoeser v. Kraeka, 29 Texas 450; Sullivan v. Fant, 110 S. W. 507.

*Chas. H. Dean* and *P. B. Randolph,* both of Amarillo for respondents.

The testimony conclusively showing that R. B. Mitchell and his wife conveyed the property in question to a son and daughter in trust, and that the petitioners herein were not creditors of the grantors, they were not in position to assert that the con-

veyance was made in fraud of creditors. Collins v. Hall, 141 Texas 433, 174 S. W. (2d) 50; Rogers v. Rogers, 240 S. W. 1104.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is a suit in trespass to try title brought by petitioners, Louise S. Kidd, individually and as independent executrix of the will of C. B. Mitchell, deceased, joined by her husband, William Lee Kidd, against respondents, Edna Lucille Young and her husband, Virgil Young, and R. B. Mitchell and wife, Anna J. Mitchell. The Youngs having disclaimed, the trial court entered judgment non obstante veredicto for respondents R. B. Mitchell and wife, Anna J. Mitchell, which was affirmed by the court of civil appeals. 185 S. W. (2d) 173.

The land in controversy is an undivided 1/2 interest in 320 acres of land in Hale County which was conveyed by respondents R. B. Mitchell and Anna J. Mitchell to their son and daughter, C. B. Mitchell and Edna Lucille Mitchell, on September 21, 1931, by general warranty deed, in consideration of $10 and "the further consideration that grantees herein assume and agrees to pay the balance due on an original indebtedness of $4,400.00 evidenced by one certain promissory note in favor of Federal Land Bank of Houston, Texas" and secured by a deed of trust and vendor's lien on the land.

In 1932, Edna Lucille Mitchell, grantee in the deed, married Virgil Young. C. B. Mitchell, the other grantee, thereafter married Louise S. Fuller, and, after his death in 1934, she married William Lee Kidd.

In answer to petitioners' allegations respondents R. B. and Anna J. Mitchell pleaded (1) "not guilty"; (2) ten years' limitation; and (3) that the deed above described conveyed the land to C. B. Mitchell and Edna Lucille Mitchell in trust for Anna J. Mitchell, under an agreement that the legal title would be conveyed thereafter at her request either to her or any person to whom she might elect to sell the land. They also set up this agreement by cross action, alleging that in executing the deed they "were desirous of placing this property to the use and benefit of the defendant Anna J. Mitchell for her protection and for her sole use and ownership, she to have the revenues, rents and benefits thereof * * until such time as she should require the legal title to be conveyed to her or to be conveyed for and on her behalf"; that "said trustees further agreed and obligated themselves to permit these defendants to remain in possession of such

property during the whole of the period of time that the title of such property remained in them as trustees."

■■ The rule has been announced and applied many times in this state that when the consideration expressed in a deed or other contract is contractual and there is no allegation of fraud, accident or mistake, parol evidence is not admissible to contradict or vary the consideration so expressed, if the result would be to change or defeat the legal operation and effect of the instrument. Coverdill et al v. Seymour, 94 Texas 1, 57 S. W., 37; East Line and Red River R. R. Co. v. Garrett, 52 Texas, 133; Matheson v. C-B Live Stock Co. et al (Civ. App.), 176 S. W., 734; Pridgen et al v. Furnish et al (Com. App.), 23 S. W. (2d) 307; Johnson v. Johnson (Com. App.), 14 S. W. (2d) 805. The rule stated applies to any attempt to impose on the grantee in a deed a patrol trust in respect to the property conveyed. Kahn v. Kahn, 94 Texas, 114, 58 S. W., 825; McKivett et al v. McKivett, 123 Texas, 298, 70 S. W. (2d) 694; Hillman et al v. Graves (Civ. App.), 134 S. W. (2d) 436; Small v. Brooks et al (Civ. App.), 163 S. W. (2d) 236 (er ref. want of merit). And that a cash consideration, although nominal, plus the assumption of an outstanding indebtedness constitutes a contractual consideration is definitely settled. Rapid Transit Ry. Co. v. Smith, 98 Texas, 553, 86 S. W., 322; Farm & Home Savings & Loan Ass'n. v. Landau et al (Civ. App.), 48 S. W. (2d) 777; McKivett et al v. McKivett, supra; Small v. Brooks et al, supra; Walter v. Dearing (Civ. App.), 65 S. W., 380; 100 A. L. R., Anno. III b, p. 41.

■ The deed in question recited a cash consideration of $10 and the assumption by C. B. and Edna Lucille Mitchell and their agreement to pay the balance due on an outstanding lien indebtedness of $4400. Therefore, under the authorities cited, we must hold that the alleged extraneous agreement cannot be proved to establish a parol trust in favor of respondent Anna J. Mitchell in the land conveyed by the deed.

This conclusion renders it necessary to consider other questions presented by this appeal except that of ten years' limitation title asserted by respondents Mitchell.

■ Having executed a deed conveying the land in controversy to C. B. Mitchell and Lucille Mitchell, respondents, as grantors in that deed, were under the burden to show that thereafter their use and occupation of the land was inconsistent with, and hostile to, the claims of the grantees. Arts. 5510 and 5515, R. S. 1925. The fact that they continued in possession and cultivated and used the land was not, within itself, inconsistent and hostile

to the title conveyed by the deed to C. B. and Lucille Mitchell. Scott v. Rogers et al (Com. App.), 6 S. W. (2d) 731. Their possession must be regarded as subservient to the title held by their grantees. 2 C. J. S., Adverse Possession, Sec. 95a, p. 652. The deed estops them from claiming that their possession is adverse. 1 Am. Jur., Adverse Possession, Sec. 47, p. 818.

As pointed out by the Court of Civil Appeals, respondent R. B. Mitchell testified that in 1932 he told C. B. Mitchell and his wife and Edna Lucille and her husband that he was compelled to borrow some money and that they were going to have put up their mother's land as security; that pursuant to that conversation a deed of trust was executed by him and them on the land in controversy to secure a note in the sum of $3500.00 given by him for the money borrowed. We do not regard that as any proof that R. B. Mitchell was then asserting any rights or interests in the land inconsistent with the deed. Rather, we think, it supported the theory of the parol trust which respondents were seeking to engraft upon the deed while recognizing that the deed vested the legal title in the grantees.

We hold, therefore, that respondents wholly failed to establish any title in themselves to the land in dispute, under their plea of adverse possession for ten years.

Accordingly, both judgments below are reversed and judgment is here rendered for petitioners for title and possession of an undivided 1/2 interest in the 320 acres of land in controversy.

Opinion delivered October 31, 1945.

Rehearing overruled November 28, 1945.