**REPUBLIC NAT. BANK OF DALLAS et al.**
**v. COLLINS et al.**

No. 4892.

Court of Civil Appeals of Texas. El Paso.

Oct. 8, 1952.

Rehearing Denied Nov. 12, 1952.

Whitaker, Turpin, Kerr, Smith & Brooks and Raymond A. Lynch, Midland, for Bank & Turpin, Conway, Scharff & Walker, Waco, for Fustons, for appellants.

Richey, Sheehy & Teeling, Waco, for Fustons and Collins.

Fitzpatrick & Dunnam, Waco, for appellee, Nelson.

McGILL, Justice.

This is an appeal from a judgment of the District Court of Andrews County, 109th Judicial District.

Appellee Mrs. Lillie Collins, a widow, by an action in statutory form of trespass to try title, as plaintiff sought to recover from appellants and numerous other parties as defendants, title and possession of an undivided 9⁄64 mineral interest in four sections of Public School Land in Block A–40 in Andrews County. Appellee Mrs. Hattie Mae Nelson, who was a defendant in the suit filed by Mrs. Collins filed a cross-action in trespass to try title against the other defendants to recover an undivided 9⁄64 mineral interest in the land. Appellants Mrs. Cates (Cages) Fuston and husband R. L. Fuston, Sr. were defendants in the suit filed by Mrs. Collins and after the testimony of both parties had been introduced sought to amend their pleading by filing a cross-action seeking to recover an undivided 9⁄64 mineral interest in the property. The court refused to permit these appellants to file such amendment and such refusal is the basis of their appeal. Trial to a jury resulted in answers to special issues on which the court rendered judgment awarding an undivided 9⁄64 mineral interest in the property to plaintiff Mrs. Lillie Collins, and an undivided 9⁄64 mineral interest therein to cross-plaintiff Mrs. Hattie Mae Nelson, as against defendants.

G. A. Stanfield is the common source of title. Prior to August 23, 1932, he had conveyed an undivided one-fourth mineral interest in the property in controversy to the Texas Company. This interest is not attacked. On August 23, 1932, G. A. Stanfield executed and delivered to Abe Nelson, his son-in-law, the following deed:

"G. A. Stanfield
To
Abe Nelson

Warranty Deed
Dated August 23, 1932
Filed: August 24, 1932
Recorded in Book 26, Page 619,
Deed of Records for Andrews
County, Texas

"The State of Texas
County of McLennan } Know All Men By These Presents:

"That I, G. A. Stanfield of the County of McLennan, State of Texas, for and in consideration of Five Thousand and No/100 Dollars to me in hand paid by Abe Nelson, as follows of the County of McLennan and State of Texas the receipt of which is hereby acknowledged: as follows:

"One thousand and no/100 Dollars in Cash, and four notes of $1,000.00 each payable on or before 1, 2, 3 or f years after date, and bearing interest

at the rate of 8% and providing for accelerated maturity, and providing for collection fee of 10% on whole amount due, if said notes are placed in the hands of an attorney for collection, or collected by suit or court proceedings, said notes dated even date, and the further consideration that Grantee accept and take title to the land conveyed herein subject to the indebtedness against said land if any. (Documentary Stamps ($5.00) have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey, unto the said Abe Nelson all that piece or parcel of land, situate, lying and being — the County of Andrews State of Texas, and described as follows:

"All that certain described lands and premises in Andrews County, Texas, as follows, to-wit:

"Section Three (3) Four (4) Seven (7) and Eight (8) Block (A–40) A–Forty, Public School Lands, and being the same lands described in a deed from J. A. Springer and wife Florenve Springer to John Bloodworth dated June 28th, 1917, to which reference is hereby made for description, and being all the land Grantor now owns in Andrews County, Texas save and except the mineral right heretofore *sol* in to and on said land described and premises

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Abe Nelson, his heirs and assigns forever, and I do *j*ereby bind myself, my heirs executors and administrators, to warrant and forever defend, all and singular the said premises unto the said Abe Nelson heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"It is expressly understood that a vendor's lien is hereby specially retained on the hereinbefore described tract of land to secure the payment of the above notes and interest and attorney's fees.

"Witness my hand this 23rd day of August, A. D. 1932.

G. A. Stanfield.

"(Doc. Stamps shown on 1st page of Exhibit) Acknowledgment."

Appellees sought to prove by parol testimony and the jury found that at the time of the delivery of this deed it was mutually agreed between G. A. Stanfield and Abe Nelson that Abe Nelson should hold the land in trust for G. A. Stanfield during his lifetime, and at his death Abe Nelson should hold said land for the use and benefit of his (G. A. Stanfield's) children equally. There were eight children of G. A. Stanfield and his wife, Mintora Stanfield.

One of appellants' points is to effect that the recitals of the consideration in the Stanfield-Nelson deed are contractual, and that therefore a parol trust could not be engrafted upon the property conveyed by such deed. We think this point must be sustained.

If the consideration expressed in this deed is contractual, parol evidence was not admissible to contradict the consideration so expressed in the absence of allegations of fraud, accident or mistake. Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65, loc. cit. 66(1–3) Supreme Court, and authorities there cited. This rule applies to any attempt to impose on the grantee a parol trust in respect to the property conveyed. (Id.) The recital in the deed that a vendor's lien is retained to secure the notes described is contractual. Greene v. White, 137 Tex. 361, 153 S.W.2d 575, loc. cit. 583(7, 8), 136 A.L.R. 626, Com.App. opinion adopted; citing Pridgen v. Furnish, Tex.Com.App., 23 S.W.2d 307. The only distinction between this case and Pridgen v. Furnish is that the notes in Pridgen v. Furnish were shown to have been executed by the grantees and this fact is also stated in Greene v. White, whereas in the case at bar it does not appear who executed the notes. We think this immaterial since the grantee Abe Nelson by acceptance of the deed agreed to

the vendor's lien which retained the superior title as security for payment of the notes. The parol trust which appellees sought to engraft on the deed was utterly repugnant to this provision of the deed. The deed purported to convey to grantee title, both legal and equitable. The vendor's lien retained superior title in the grantor as security for the debt. The parol trust which appellees sought to engraft upon the deed would extinguish the equitable title of grantee which the deed purports to convey. It would change the estate conveyed by the deed. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, loc. cit. 167(2), 169 A.L.R. 1. This may not be done. All other points therefore become immaterial.

However, should we be mistaken in the above conclusion, yet there is another point which we think bars appellee Hattie Mae Nelson from recovery. She was one of the G. A. Stanfield children and the wife of Abe Nelson, the grantee in the deed of August 23, 1932. It is undisputed that after the death of G. A. Stanfield and his wife, Mintora Stanfield, all the children agreed that an undivided ⅛ of the mineral interest in the land in controversy be sold to W. E. Wallace in order to raise money to pay the funeral expenses of their parents, and debts incurred during their last illness. This was done, and Mrs. Hattie Mae Nelson joined her husband Abe Nelson in conveying this undivided ⅛ interest to Wallace by deed dated June 11, 1936. This interest is not attacked. Mrs. Nelson also joined her husband in the following deeds, each of which purports to convey an undivided ⅛ interest (including the mineral interest) in the property.

"2. Warranty Deed dated August 14, 1936, to Irene Pipkin, conveying an undivided ⅛ interest. (Defts. Ex. 17)

"3. Warranty Deed dated June 25, 1938, to S. B. Stanfield, conveying an undivided ⅛ interest. (Defts. Ex. 18)

"4. Warranty Deed dated December 3, 1938, to Lela Williams and Tant Williams, conveying an undivided ⅛ interest. (Defts. Ex. 19)

"5. Warranty Deed dated July 14, 1939, to Barney A. Garrett, conveying an undivided ⅛ interest. (Defts. Ex. 20)"

All of these deeds contained a general warranty. The interest conveyed by these four deeds was acquired by Barney A. Garrett and appellants other than the Fustons derive their title through him. If Garrett took with notice of the trust, i. e., that Abe Nelson held the ⅝ mineral interest in trust for the eight Stanfield children, a $\frac{5}{64}$ interest for each, Garrett held the ⅝, $\frac{9}{16}$ or $\frac{32}{64}$ mineral interest conveyed by the four deeds subject to the same trust which existed before Abe Nelson and wife conveyed the property, and he, Garrett, became trustee for the original beneficiaries. Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493, loc. cit. 500 (11).

Equitable title to the $\frac{5}{64}$ undivided mineral interest of the four heirs for whose benefit these conveyances were made unquestionably passed to Garrett; the legal title to $\frac{9}{16}$ or $\frac{12}{64}$ undivided mineral interest also passed to him, but the equitable title to this $\frac{9}{16}$ or $\frac{12}{64}$ interest did not pass. He held it subject to the trust as it existed before these conveyances. The same is true as to grantees of Garrett of this $\frac{9}{16}$ or $\frac{12}{64}$ mineral interest, i. e., Andrews and Winston if they took with notice of the trust. The deeds through which Garrett derived title each purports to convey an undivided ⅛ mineral interest. There is no ambiguity in them. Under appellees' theory of a parol trust the G. A. Stanfield deed vested legal title to ¾ or $\frac{48}{64}$ undivided interest in the minerals in Abe Nelson, which he held in trust for the eight Stanfield heirs, each owning ⅛ thereof, or $\frac{6}{64}$. It is conceded that the heirs conveyed ⅛ or $\frac{8}{64}$ of the $\frac{48}{64}$ mineral interest to Wallace, and this title is not under attack. This left $\frac{40}{64}$ undivided interest of the minerals held in trust by Nelson for the eight heirs, or $\frac{5}{64}$ for each heir. The deeds of August 14, 1936, June 25, 1938, December 3, 1938 and July 14, 1939, through which Garrett derived his title, being unambiguous as to the mineral interest which they purport to convey, namely an undivided ⅛, the effect of each of these deeds was to convey an un-

divided ⅛ of the mineral interest and therefore all of them conveyed an undivided ½ of such interest. The effect of these deeds as to the mineral interest conveyed cannot be varied by showing by parol evidence that the grantors misunderstood their legal effect and intended a different effect than that which the instruments import. Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226, loc. cit. 229(2–4) and authorities there cited. Com.App. opinion adopted.

In that case the evidence which the court held was properly rejected was sufficient to show that not only the grantor but the grantee misunderstood the effect of the deed and each thought that it conveyed an interest which was already vested in the grantee. This the court held could not be shown in the absence of allegations of fraud, accident or mistake in the preparation or in the execution of the written instrument. Hence clearly Mrs. Nelson could not by establishing a parol trust in the minerals in Abe Nelson by which each of the Stanfield heirs owned an equitable 5/64 interest of which Garrett had notice, vary or detract from the ⅛ undivided mineral interest conveyed by the deeds under which Garrett held. It is true that she could show by parol evidence the subject to which the ⅛ interest applied, i. e., the particular interest intended to be conveyed if there were a latent ambiguity. Murphy v. Dilworth, 137 Tex. 32, loc. cit. 36(2), 151 S.W.2d 1004. But this would avail her nothing. Under her theory each of the heirs owned an undivided 5/64 equitable interest in the minerals and she does not claim any of this 5/64 interest which she concedes belonged to each of the heirs. Each of the deeds through which Garrett derived his title purported to convey and did convey ⅛ or 8/64 mineral interest. Mrs. Nelson concedes that 5/64 of this 8/64 was the interest of the heirs at whose direction or for whose benefit the particular conveyance was made. She does not contend nor could she logically contend that the other 3/64 interest conveyed by each of these deeds was the interest of any of the heirs other than herself nor could she recover such interest for the other heirs since she concedes that

Garrett did acquire an undivided 5/64 interest in the minerals and was therefore a cotenant with the heirs. Duncan v. Adams, Tex.Civ.App., 210 S.W.2d 180, loc. cit. 189–190(12) affirmed 147 Tex. 332, 215 S.W.2d 599.

Under her theory by the first deed, i. e., the deed of August 14, 1936, she and her husband, Abe Nelson, conveyed the 5/64 equitable interest of T. J. Stanfield, Jr. This deed also conveyed an additional undivided 3/64 equitable interest in the minerals which was the equitable interest of Mrs. Nelson; likewise by the second deed, i. e., the deed of June 25, 1938, Mrs. Nelson and her husband conveyed the 5/64 equitable interest of S. B. Stanfield and her remaining 3/64 equitable interest in the minerals. The fact that this deed also conveyed 1/64 of the interest in the minerals which neither S. B. Stanfield nor Mrs. Nelson owned did not prevent it from passing the 5/64 equitable interest which S. B. Stanfield owned, and the 3/64 equitable interest which Mrs. Nelson owned. After the execution and delivery of these two deeds Mrs. Nelson owned no interest, legal or equitable, in the minerals, and for this additional reason the trial court erred in awarding her any interest therein unless she thereafer acquired such interest by the deed to her from J. S. Stanfield dated November 12, 1939. Under her testimony and the testimony of J. S. Stanfield, in accordance with her theory she and her husband Abe Nelson had at the request of J. S. Stanfield deeded the J. S. Stanfield 5/64 interest to Garrett by the deed of November 14, 1939; hence the J. S. Stanfield deed to her of November 12, 1939 conveyed no interest in the minerals and the trial court therefore erred in awarding her any interest therein.

The appellants' 8 other points become immaterial in view of our conclusions on the two points discussed.

The judgment of the trial court is affirmed as to appellant Mrs. Cates (Cages) Fuston and her husband, R. L. Fuston, Sr. As to all other appellants the judgment is reversed and judgment here rendered that appellees take nothing from such appellants.

Affirmed in part and reversed and rendered in part.