MRS. LILLIE COLLINS ET AL. V. REPUBLIC NATIONAL BANK OF DALLAS AND ROBERT M. TURPIN, AS INDEPENDENT EXECUTORS OF THE ESTATE OF F. A. ANDREWS, DECEASED ET AL.

No. A-3910. Decided April 22, 1953.
Rehearing overruled June 17, 1953.
(258 S. W. 2d Series 305)

*Conway, Scharff & Walker,* for petitioner Mrs. Collins, *Richey, Sheehy, & Teeling,* for petitioner, Mrs. Fuston, *Fitzpatrick & Dunnam* and *W. V. Dunnam, Jr.,* for petitioner, Mrs. Nelson, all of Waco.

The Court of Civil Appeals erred in holding that the recitals of consideration in the deed from G. A. Stanfield to Abe Nelson were contractual and that therefore a parol trust could not be engrafted upon the property conveyed by such deed. McLaren v. Jones, 89 Texas 131, 33 S.W. 849; Langston v. Marshall, 59 Texas 297; Smith v. Henger, 148 Texas 456, 226 S.W. 2d 425.

*Whitaker, Turpin, Kerr, Smith & Brooks and Raymond A. Lynch,* of Midland, for respondents.

The consideration stated in the deed from G. A. Stanfield

to Abe Nelson being contractual the Court of Civil Appeals properly held that a parol trust could not be engrafted upon it. Kidd v. Young, 144 Texas 322, 190 S.W. 2d 65; Greene v. White, 137 Texas 561, 153 S.W. 2d 575; Allen v. Allen, 101 Texas 362, 107 S.W. 528.

MR. JUSTICE CULVER delivered the opinion of the Court.

The petitioners sought by suit in trespass to try title to recover from respondents certain undivided mineral interests in four sections of land in Andrews County. A judgment in the District Court in their favor was reversed and rendered by the El Paso Court of Civil Appeals. 254 S. W. 2d. 406.

In 1932, G. A. Stanfield, the common source of title, conveyed to Abe Nelson, his son-in-law, by warranty deed in usual form the four sections, excepting an undivided one-fourth mineral interest which had theretofore been conveyed to The Texas Company. In consideration in the deed was recited to be $5000.00, payable $1,000.00 in cash and four notes of $1,000.00 each, payable on or before 1, 2, 3, and 4 years after date, and retaining a vendor's lien to secure the payment of the notes, interest and attorney's fees. On the 9th day of March, 1933, Stanfield executed a release of this vendor's lien reciting the payment of the notes and all interest thereon which was filed and placed of record. Parol testimony was offered by the petitioners and admitted over objection to the effect that no consideration was paid by Nelson to Stanfield, and no notes executed, the agreement being that Nelson would hold title to the lands for the benefit of Standfield's eight children.

On October 22, 1935, Nelson, joined by his wife, one of the children of the grantor, Stanfield, executed in regular form an oil and gas lease on three of the sections of land covering and including an undivided three-fourths interest in the minerals.

After the death of Stanfield, Abe Nelson and wife conveyed to W. E. Wallace on June 11, 1936, an undivided one-eighth mineral interest in the land (not questioned here) which, according to the parol testimony was for the purpose of defraying the funeral expense of the grantor, Stanfield. There remained then in Abe Nelson legal title to the surface and to five-eighths of the mineral estate which Nelson in evident good faith attempted at different times to convey to the children of Stanfield or grantees designated by them, but each deed recited the con-

veyance of an undivided one-eighth interest in the lands without reference specifically to the mineral estate which resulted in the conveying of the legal title to all of the mineral estate to the first five grantees, leaving the petitioners with title only to an undivided one-eighth interest each in the surface of the land. Those conveyances were as follows: August 14, 1936, to Mrs. Irene Pipkin; June 25, 1938, to S. P. Stanfield; December 3, 1938, to Mrs. Lela Williams; April 22, 1939, to Frank Stanfield; July 14, 1939, to Barney A. Garrett; April 30, 1940, to Mrs. M. G. Gates; April 30, 1940, to Mrs. Lillie Collins. Respondents claim title through the conveyances to Mrs. Pipkin and Barney A. Garrett. On the 17th day of February, 1939, Nelson conveyed to his wife, Mrs. Hattie Mae Nelson, one of the children of the grantor, Stanfield, "all of my undivided interest in and to Sections Nos. 3, 4, 7 and 8, in Block A-40, as her separate estate."

■ The Court of Civil Appeals decided and we think correctly so, that the consideration in the deed from Stanfield to Nelson being contractual in nature, parol testimony was not admissible to vary the express terms of the deed, in the absence of fraud, accident or mistake, and that, therefore, petitioners were not entitled to recover. Coverdill v. Seymour, 94 Texas 1, 57 S. W. 37; Kidd v. Young, 144 Texas 322, 190 S. W. 2d 65; Johnson v. Johnson, Texas Com. App., 14 S. W. 2d. 805, and Mahoney v. Mahoney, Texas Civ. App., 103 S. W. 2d 459 (writ refused).

In the case of Pridgen v. Furnish, Texas Com. App., 23 S. W. 2d 307, the point seems to have been squarely presented where suit had been brought upon a vendor's lien note. The court, referring to the terms of the deed which recited the consideration of the execution and delivery of the promissory note and the retention of the vendor's lien on the property says: "These stipulations are not mere recitations capable of being contradicted, but are unequivocal and contractual in their nature."

In this connection petitioners cite the case of Austin v. Austin, 143 Texas 29, 182 S. W. 2d. 355, 358, where parol evidence was properly admitted to show that a purported deed was in fact intended as a mortgage. In that case Judge Folley does distinguish it from the case of Pridgen v. Furnish, supra, saying "That case may be distinguished from the instant case in that such suit was for the enforcement of the payment of the vendor's lien note, and the parol testimony offered was in direct

conflict with the terms of the written instrument sued upon." A review of the facts of that case, however, reveals no similarity to those under consideration here. The notes executed by petitioner had been paid by the grantors according to the oral agreement. There were many other facts and circumstances which tended strongly to prove that the deed was in fact given as a mortgage.

■ That a deed, absolute on its face, may be shown by parol to have been intended as a mortgage no matter in what form the consideration may be expressed, is settled in Texas and constitutes a well known exception to the rule. Bradshaw v. McDonald, 147 Texas 455, 216 S. W. 2d. 972.

In Greene v. White, 137 Texas 361, 153 S. W. 2d. 575, 583, 136 A. L. R. 626, where suit was brought in trespass to try title, the court held that the recital in the deed that the vendor's lien was retained to secure the payment of the notes was contractual and the general rule was stated to be that "* * * the grantee in a deed accepted by him is a party to the deed even though he does not sign it and that he is concluded by recitals in the deed and by reservations contained therein in favor of the grantor."

Petitioners maintain, that inasmuch as the parol evidence introduced by them show that the $1,000.00 cash was not paid and that the four notes were never executed, the consideration therefor was not contractual and parol evidence was admissible to show the existence of the trust. In this connection they rely strongly upon the case of Flynt v. Garmon, 275 S. W. 444 (writ dismissed). It is to be admitted that a portion of the court's opinion in that case seems to sustain petitioners' contention, but in that respect the opinion is clearly in conflict with later decisions discussed herein. In Flynt v. Garmon it was alleged by the plaintiff that while the deed recited that the defendant had "contracted, promised, agreed and bound himself to execute and deliver the ten notes," nevertheless he had never executed the same, but had continuously refused to do so. The defendant admitted that he had never executed the notes and offered to show why. Consequently it was not necessary that any testimony, parol or otherwise, be offered or admitted to prove the fact of non-execution. In the case at bar we are of the opinion that the rule prevents the introduction of parol proof to the effect that the notes were not executed.

Again petitioners assert that where the cash consideration in the deed from Stanfield to Nelson was not paid and the vendor's lien was released without payment in pursuance of a prior oral agreement that the property was conveyed in trust to the grantee, the grantee held the property in trust and parol evidence of the trust could be shown. In support thereof petitions cite the case of Seley v. Colbert, Texas Civ. App., 272 S. W. 818, which holds that even though a vendor's lien note is given and the lien retained, where an agreement is made that the note be paid by rendering services and the services have been rendered parol proof may be offered to prove the agreement. Also Consolidated Oil Co. v. Schaffner, Texas Civ. App., 286 S.W. 258, is generally to the same effect. While the holdings in both of these cases are correct, nevertheless they have no application to the facts here.

■ The third point made by petitioners is that even though the consideration recited in the deed was contractual nevertheless the superior title remained in the grantor, Stanfield, until the notes were paid and that when the vendor's lien was released title passed to Abe Nelson and parol evidence of the trust is admissible, citing Johnson v. Smith, 115 Texas 193, 280 S.W. 158. In that case Johnson being unable to pay off the vendor's lien notes, requested plaintiffs to assume the payment of same agreeing that they should thereafter become the owners of the land. In compliance with such request plaintiff assumed and paid the notes, made permanent and valuable improvements on the land, and had been in actual adverse possession thereof. Under these circumstances parol evidence was admissible to prove the agreement, but we think that holding has no application here. Even though the grantor is said to retain the superior title until the vendor's lien notes are paid, the title of the vendor is superior in the sense that the vendee cannot assert his title against the vendor unless he has paid the purchase money and when the notes are paid the title of the vendor automatically ceases. Yates v. Darby, 133 Texas 593, 131 S. W. 2d 95. According to the terms of the deed title passed to Abe Nelson upon its execution and delivery subject only to the payment of the notes and the release of the vendor's lien. If a trust had been created it would have been so upon the execution and delivery of the deed irrespective of the giving or assuming of any notes.

The wholesomeness of the rule herein applied is demonstrated where it is shown that some thirty or more conveyances of fractional interests of this mineral estate have been executed

and delivered, after thorough abstract examination by able attorneys, some conveying as small an interest as a 1/128th during the ten years which have elapsed since the last conveyance made by Abe Nelson up to the filing of the present suit. There are enough uncertainties in land titles without relaxing a well-established rule of law even though petitioners, through probably no fault of their own, have failed to secure a pro rata interest which it was intended for them to have.

The points presented by petitioners are overruled and the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered April 22, 1953.

Rehearing overruled June 17, 1953.