**DERROUGH et al. v. DERROUGH et al.**

No. 12622.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 27, 1954.

Rehearing Denied Feb. 24, 1954.

Davis, Clemens, Knight & Weiss, San Antonio, R. E. Schneider, Jr., George West, Andrews, Kurth, Campbell & Bradley, Houston, Homer Mabry, Houston, for appellants.

Harry J. Schulz, Three Rivers, Richey, Sheehy, & Teeling, Waco, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Glen Derrough a son of J. D. Derrough, deceased, and Gladys Skaggs Martin and husband, D. W. Martin, as the assignees of Mrs. Lillie Skaggs, a daughter of J. D. Derrough, deceased, to enforce an oral agreement alleged to have been made by J. D. Derrough in the year 1924 with two of his childern, Glen and Lillie, whereby he agreed not to make a will.

The defendants were Grady Bain, independent executor of the estate of J. D. Derrough, deceased, and his widow, Mrs. Mina Derrough (his second wife) and the devisees and legatees under the will of J. D. Derrough.

The trial was to a jury and, in keeping with the answers of the jury, judgment was rendered in favor of plaintiffs against the defendants for title to and possession of an undivided one-half interest in and to the separate real estate of J. D. Derrough, deceased, specially described in the deed, and for title to and possession of an undivided one-fourth interest in and to all of the other real estate and personal property belonging to the community estate of J. D. Derrough and his surviving wife, Mina Derrough, with the exception of the government bonds belonging to the community estate and standing in the name of Mina Derrough, from which judgment Otis D. Derrough, Mina Derrough and Grady Bain, as independent executor of the estate of J. D. Derrough, deceased, have prosecuted this appeal.

Appellants have filed three separate briefs, and the first contention presented by all the briefs is that the court erred in permitting appellees to introduce oral testimony of the fact that J. D. Derrough had agreed not to make a will. In 1922, Barbara L. Derrough, the first wife of J. D. Derrough, died, leaving a considerable community estate. Negotiations were carried on between J. D. Derrough and two of his four children by this marriage, Glen and Lillie, to acquire their interest in their deceased mother's estate. It is contended that on November 1, 1924, an oral agreement was entered into in which Glen and Lillie agreed to convey their interest in their mother's estate to their father for the sum of $2,000, and the father agreeing not to make a will.

On November 10, 1924, a deed was executed by Glen and Lillie conveying this in-

terest to their father for a recited consideration of $2,000, evidenced by two vendor's lien notes, each in the sum of $1,000, payable to Glen and Lillie. There was no mention in this deed of the agreement on the part of the father not to make a will. These notes were afterwards paid in full by the father.

It is the contention of appellants that the consideration set forth in the deed being contractual in its nature, any attempt to prove by parol evidence, that in connection with this conveyance J. D. Derrough agreed not to make a will, would be an attempt to vary the terms of a written contract by parol evidence and should not be permitted.

It is the contention of appellees that first there was an oral contract entered into on November 1, 1924, whereby Glen and Lillie agreed to convey this property in consideration of the sum of $2,000, and as a further inducement their father agreed that he would not make a will, and that the execution of the deed on November 10, 1924, was the carrying out of only a part of the more comprehensive contract entered into theretofore. We cannot agree with appellees' contention. No doubt there were negotiations leading up to the execution of the deed. There always have to be oral understandings before a contract can be reduced to writing, or no one would know what to write into the contract, but when the agreement is finally reduced to writing and fully executed there is a presumption that all prior oral agreements are merged into and made a part of the written contract, and that any agreement not contained in the writing was not made or was abandoned before the execution of the written contract. If it were not for this presumption a written contract would have little value. It would not preclude the proving up of all prior agreements entered into before the signing of the written contract.

There are cases in which an oral contract is entered into and thereafter certain parts of it are reduced to writing and certain parts remain oral, but the facts here do not present such a case.

Here there was but one agreement, Glen and Lillie agreed to convey to their father their interest in their deceased mother's estate. This they did by a written deed reciting a contractual consideration of two vendor's lien notes in the principal sum of $1,000 each, signed by their father. There is no mention in this deed of any further consideration. The appellees are in the position of contending that there was a further consideration for this deed—an agreement on the part of J. D. Derrough not to make a will. If this was a part of the consideration, it should have been recited in the deed, if it was not a part of the consideration of the conveyance, then there was no consideration for the agreement not to make a will. The only agreement that Glen and Lillie made was to convey their interest in their mother's estate to their father, and any promise that their father made was the consideration for this conveyance. It is plain that there was just one agreement, and that agreement is presumed to be set forth in the deed executed by Glen and Lillie on November 10, 1924. Appellees will not be heard, some thirty years later and after the death of their father, to vary the contractual consideration set forth in the deed, by showing by parol evidence that there was also another consideration for the deed which was not set forth in the deed, in an absence of a showing that such consideration was omitted from the deed by fraud, accident or mistake. There is no fraud, accident or mistake either plead or proved herein. Johnson v. Johnson, Tex.Com.App., 14 S.W.2d 805; Cobb-Holman Lumber Co. v. Liechty, Tex.Com.App., 41 S.W.2d 18; Coverdill v. Seymour, 94 Tex. 1, 57 S.W. 37; Shropshire v. Cornell, Tex.Civ.App., 82 S.W.2d 1082; Luckenbach v. Thomas, Tex.Civ.App., 166 S.W. 99; Pridgen v. Furnish, Tex.Com.App., 23 S.W.2d 307; Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825; Chalk v. Daggett, Tex.Com.App., 257 S.W. 228; McKivett v. McKivett, 123 Tex. 298, 70 S.W.2d 694; Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65; Lindsay v. Clayman, Tex.Sup., 254 S.W.2d 777; Collins v. Republic National Bank, Tex.Sup., 258 S.W.2d 305.

The above holdings render it unnecessary to pass upon the other questions presented by this appeal.

Accordingly, the judgment is reversed and judgment here rendered that appellees take nothing and pay all costs of this and the court below.

Reversed and rendered.