**Flora Driskill MARTIN et al., Appellants,**

v.

**Joyce Driskill STEWART et al., Appellees.**

No. 3475.

Court of Civil Appeals of Texas.

Eastland.

Nov. 6, 1959.

R. R. Holloway, Brownwood, for appellants.

Gib Callaway, Shelton & Slagle, Brownwood, for appellees.

COLLINGS, Justice.

This is an action in trespass to try title to an undivided ⅛th interest in 401 acres of land and for a claimed interest in "bonds and savings", alleged to be in the sum of approximately $3,000. The suit was brought by Joyce Driskill Stewart, joined by her husband, and Maxie Joe Driskill against Flora Driskill Martin, individually and as executrix of the will of Florence Driskill, deceased, and against Jess Driskill, Ward Driskill, James Driskill and Wilson Driskill. Defendants denied the allegations made by plaintiffs and alleged that if plaintiffs owned any interest in the land it amounted to only a ⅟₈₆th interest. They also prayed for partition, for judgment decreeing authority of the executrix to sell, or, in the alternative, for appointment of a receiver. Based upon a jury verdict, judgment was entered decreeing that plaintiffs each owned a ⅟₁₂th interest in the land and a ⅟₇₂nd interest in the funds on hand; that the defendants each owned an undivided ⅛th interest in the land and a ⅞₆ths interest in the funds on hand; that the testatrix had no authority to sell or divide the land; that the land was not susceptible of partition in kind. A receiver was appointed to sell the land and divide the proceeds.

The following facts and circumstances substantially as set out in appellants' brief and conceded by appellees to be a fair statement of the case are material to the determination of this appeal.

The land was originally the community property of A. B. Driskill and wife, Lillie M. Driskill. A. B. Driskill died intestate in February 1937, leaving his wife and seven children, being the five appellants herein, and Florence Driskill and Howard Driskill. Appellees, who were plaintiffs below, are the surviving children of Howard Driskill, deceased.

On March 4, 1937, Lillie M. Driskill, surviving widow of A. B. Driskill, joined by appellants and Howard Driskill, conveyed the land to Florence M. Driskill. The deed recited a consideration of $1 and that the grantee assumed and promised to pay community debts owed by the community estate, which neither the surviving widow nor the estate was able to pay. The community debts were described as the balance due on notes payable to the Federal Land Bank in the sums of $2,800 and $1,200 respectively, secured by deeds of trust, and past due installments thereon, amounting to $524.49, and the assumption of all state, county and school taxes for the years 1930 to 1937, inclusive. The evidence showed that the total amount of such taxes due in Mills and Brown Counties was $441.49 and that such indebtedness and taxes were paid by Florence Driskill. The evidence also showed that at the time of his death A. B. Driskill owed a bank in Brownwood approximately $3,400, which was paid by Florence Driskill.

Lillie M. Driskill, the surviving widow of A. B. Driskill, died in August of 1940. Howard Driskill died in May of 1949, leaving appellees as his surviving children. Florence M. Driskill died November 3, 1957, leaving a will dated September 15, 1944, which was duly admitted to probate in Brown County on March 12, 1958. The material portion of the will was as follows:

"1. I hereby cancel, annul, and revoke all Wills and Codicils by me at any time heretofore made.

"2. I hereby give and devise and bequeath to Flora Driskill Martin my Sister now residing 809 South Ninth Street, Temple, State of Texas, upon my death:

"A. All my personal effects to hold absolutely and forever.

"B. Real property consisting of one Farm of 401 acres, located 3 miles South of Zephyr, Texas, 20 acres of which is in Brown County, and remainder in Mills County, Texas, for the sole purpose of selling at a reasonable market price, and dividing the proceeds from such sale among and between five brothers and one sister in equal shares. Namely to Wit:

"1. Howard Driskill—Zephyr, Texas.

"2. Jess Driskill—Christoval, Texas.

"3. Ward Driskill—Comanche, Texas.

"4. James Driskill—Zephyr, Texas.

"5. Wilson Driskill — Dalworth, Texas

and

"6. Flora Driskill Martin—Temple, Texas

"C. Personal property consisting of Bonds and Savings for the sole purpose of being divided in equal shares among and between five brothers and one sister. Namely to Wit:

"1. Howard Driskill—Zephyr, Texas.

"2. Jess Driskill—Christoval, Texas.

"3. Ward Driskill—Comanche, Texas.

"4. James Driskill—Zephyr, Texas.

"5. Wilson Driskill—Dalworth, Texas.

and

"6. Flora Driskill Martin—Temple, Texas.

"3. I hereby nominate, constitute and appoint Flora Driskill Martin, my Sister, Temple, Texas, United States of America, as my executrix and re-

quest that she be permitted to serve without bond or without surety thereon.

"4. I direct the administration of my estate to be independent of the Probate Court."

Appellees, as plaintiffs, alleged that they each owned a ½₂th interest in the land under the provisions of the will but make no contention on this appeal that the legacy of ⅛th of the proceeds in favor of Howard Driskill did not lapse and that it should not be divided according to the law of descent and distribution among the heirs of Florence M. Driskill, unless they are entitled to recover under their alternative pleading. In their alternative pleading it was alleged that at the time of the execution and delivery of the deed to Florence M. Driskill it was agreed and understood by and between the grantors on one side and Florence M. Driskill on the other that the grantee, Florence M. Driskill, was to hold, use and enjoy said premises until her death, at which time said land should pass to and vest equally in her said brothers and sister, or their descendents, and that Florence M. Driskill thereby became a trustee for the beneficiaries to hold same under said "implied, resulting or express trust during the remainder of her life." In support of appellees' allegation of a life estate and trust, evidence was introduced over objections by appellant in which appellees sought to show the existence of the alleged oral trust agreement. The jury found that it was agreed between Florence M. Driskill and her mother and all her brothers and her sister at and before the time the deed was signed in 1937 conveying the land to Florence, that she was to hold the land during her lifetime, receiving all the rents and revenues therefrom and that at her death it should go to her brothers and sister, or to their heirs.

The deed purported to be an absolute conveyance of title to the land to Florence M. Driskill. If such title passed to Florence M. Driskill under the deed, then it passed under the terms of her will to appellants as devisees, except as to the lapsed legacy of ⅛th of the proceeds in favor of Howard Driskill. Appellees, the heirs of Howard Driskill, claim that title did not pass under the deed because of the alleged oral agreement between the grantors therein and the grantee, Florence M. Driskill, at and prior to the execution of the deed, that she would hold said land, use and enjoy it during her lifetime, but that upon her death the title would pass to and vest in her brothers and sister or their heirs. Appellees contend that, since title did not pass under the deed to Florence M. Driskill, no title could pass under her will.

■ In appellants' first point it is urged that:

"The court erred throughout the trial —in the admission of testimony, in submission to the jury, and in rendition of judgment—by proceeding on the theory that a deed, supported by a contractual consideration, could be varied and contradicted, and a parol trust engrafted thereon, by evidence of a prior or contemporaneous parol agreement between parties to the deed, in the absence of fraud, accident, or mistake."

In our opinion, the point is well taken. (1) The deed in question purported to be an absolute conveyance. (2) The deed recited a contractual consideration. It recited a nominal consideration of $1 and that the grantee assumed and promised to pay community debts of her widowed mother and deceased father, including taxes and notes, amounting to over $6,000. Such is held to be a contractual consideration. Rapid Transit R. Co. v. Smith, 98 Tex. 553, 86 S.W. 322. (3) The alleged parol trust agreement was between the grantors and the grantee in the deed. Appellees, who are heirs of one of the grantors, Howard Driskill, are attacking the deed. The situation is the same as if this were a suit between Howard Driskill as plaintiff and the grantee, Florence M. Driskill, seeking to impose on the grantee a parol trust in respect to

the property conveyed. Under such circumstances, the alleged prior or contemporaneous oral agreement between the grantors and the grantee can not be shown to establish a trust in favor of Howard Driskill or his heirs. Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65; Collins v. Republic Nat. Bank, 152 Tex. 392, 258 S.W.2d 305, and cases cited therein; Jackson v. Hernandez, 155 Tex. 249, 285 S.W.2d 184. Appellants' first point is well taken and is sustained.

The disposition we have made of appellants' first point makes it unnecessary to consider points by appellant bearing upon the sufficiency of the evidence to support the jury finding of the existence of the alleged parol trust agreement.

Appellees concede that if evidence of the alleged parol agreement was incompetent to defeat the effect of the deed as an absolute conveyance to Florence M. Driskill, that appellants' contention in points numbers 4 and 5 are well taken and that appellees are merely entitled to share with appellants in the ⅙th of proceeds representing the lapsed legacy and that the court erred in holding appellees each owned a 1⁄12th interest in the land, as title thereto passed under a will for the purpose of sale; and that the court erred in holding the testamentary direction to sell the land was void and in appointing a receiver to make such sale.

The judgment is affirmed insofar as it directed the division of the money left by the deceased. The judgment is reversed insofar as it adjudicated the title to the land involved and appointed a receiver with directions to sell same and distribute the proceeds. Judgment is here rendered directing Flora Driskill Martin to sell said land and to distribute the proceeds, after proper charges and expenses have been paid, as follows: to each of the appellants, Flora Driskill Martin, Jess Driskill, James Driskill, Ward Driskill and Wilson Driskill, seven thirty-sixths (7⁄36ths); and to each of the appellees, Joyce Driskill Stewart and Maxie Joe Driskill, one seventy-second (1⁄72nd) of such proceeds.