**T. J. CROMEENS et al., Appellants,**

**v.**

**ARNOLD COTTON COMPANY, Appellee.**

**No. 531.**

Court of Civil Appeals of Texas, Tyler.

Dec. 31, 1970.

Rehearing Denied Jan. 21, 1971.

W. D. Julian, Crockett, Maroney & Cely, John Cely, Lufkin, for appellants.

Sallas, Griffith & Meriwether, J. B. Sallas, Granberry, Hines & Gordon, F. P. Granberry, Crockett, for appellee.

DUNAGAN, Chief Justice.

This is a summary judgment case. Appellee D. H. Arnold, d/b/a Arnold Cotton Company, filed suit in the District Court of Houston County, Texas, on July 6, 1961, being Cause No. 8681 against the appellants, T. J. Cromeens and wife, Dorlene Cromeens, on a promissory note executed by them on December 19, 1956, payable to the appellee in the principal sum of $18,-000.00, bearing interest at the rate of 10% per annum and providing for the usual attorneys' fees of 10% for collection thereof, being payable on November 1, 1957, and for foreclosure of a deed of trust lien given to secure the payment of said note. On September 1, 1961, the appellants, T. J. Cromeens and wife, J. N. Grimes and wife, joined by one Ed Grimes, instituted suit in the same court under cause No. 8697 seeking a restraining order to enjoin Arnold Cotton Company and J. B. Sallas, trustee, from conducting a trustee's sale. It is alleged in the petition that on or about December 19, 1956, J. N. Grimes and wife executed a deed of trust to J. B. Sallas, trustee for Arnold Cotton Company, to secure the payment of their promissory note of

even date therewith in the sum of $7,000.00 payable to Arnold Cotton Company. It is further alleged in said petition that on July 25, 1961, J. B. Sallas posted notice of trustee's sale allegedly under the terms of the deed of trust executed by J. N. Grimes and wife. The plaintiffs in cause No. 8697 sought only to enjoin Arnold and Sallas from proceeding with the trustee's sale under the terms of the Grimes' deed of trust. Thereafter on October 4, 1961, appellee by way of a cross-action in cause No. 8697 sued J. N. Grimes and wife, Jimmie B. Grimes, on the promissory note dated December 19, 1956, executed by the Grimes and payable to appellee in the principal sum of $7,000.00, bearing interest at the rate of 10% per annum and with the usual provision for attorneys' fees of 10% for collection, being due and payable on November 1, 1957, and for foreclosure of the deed of trust lien also dated December 19, 1956, given to secure the payment of said note. The Cromeens' and Grimes' deeds of trust do not involve the same property. On September 1, 1961, in cause No. 8697 the trial court granted a temporary restraining order enjoining appellee Arnold and J. B. Sallas, trustee, from proceeding with the sale under the deed of trust given by the Grimes. Thereafter on January 17, 1964, on motion of the Grimes and Cromeens, the trial court by written order consolidated the two causes of action.

After consolidation of cause Nos. 8681 and 8697, Ed Grimes intervened as defendant in cause No. 8681 alleging that the promissory notes of both the Cromeens and Grimes were pure accommodation notes and only as accommodation for Arnold Cotton Company and the intervenor Ed Grimes and also that the notes had been paid. The appellee Arnold on October 28, 1969, filed his motion for summary judgment against the appellants with affidavits of D. H. Arnold and Loretta Halyard, office manager of Arnold Cotton Company, attached thereto. Ed Grimes, J. N. Grimes and wife, Jimmie B. Grimes, and the Cromeens duly and timely filed their respec-tive sworn answers to appellee's motion for summary judgment accompanied by the affidavits of Ed Grimes, Dorlene Cromeens, J. N. Grimes and T. J. Cromeens. After a hearing thereon the court rendered judgment awarding appellee the sum of $46,-244.00 with interest thereon from April 27, 1970, at 10% per annum against T. J. Cromeens and wife, Dorlene Cromeens, and the sum of $17,983.72 with interest thereon from April 27, 1970, until paid at the rate of 10% per annum against J. N. Grimes and wife, Jimmie B. Grimes; dissolved the temporary restraining order theretofore granted in cause No. 8697 and denied all injunctive relief therein sought; and also allowed foreclosure on the real property securing the debts. From this judgment J. N. Grimes and wife and the Cromeens have duly perfected their appeal to this court.

Appellants under their points of error 1 and 2 urge that the trial court erred (1) "in holding that the affidavits on file did not create a genuine issue of material fact because said affidavits amounted to some evidence that the promissory notes made the basis of appellee's suit had been paid," and (2) "in rendering summary judgment in favor of appellee because the affidavits on file present some evidence, more than no evidence, that the promissory notes made the basis of appellee's claim had been paid."

█ In determining the matter of rendering or affirming a summary judgment in favor of a party, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup., 1970); Harrington v. Young

Men's Christian Association of Houston, 452 S.W.2d 423 (Tex.Sup., 1970); Rule 166–A(c), Texas Rules of Civil Procedure. The burden of proof rests upon the movant and appellant is not required to prove anything. Stover v. Concrete Sawing and Sealing Corporation, 440 S.W.2d 422 (Tex.Civ.App., Ft. Worth, 1969, n. w. h.); Tubb v. Carter-Gragg Oil Company, 455 S.W.2d 843, 847 (Tex.Civ.App., Tyler, 1970, writ ref., n. r. e.).

■ Applying the principles so well established governing summary judgment cases, Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup., 1965); Parrott v. Garcia, 436 S.W.2d 897 (Tex. Sup., 1969), it becomes obvious that the summary judgment proof in the case at bar does not establish as a matter of law that the promissory notes upon which this lawsuit is founded had not been paid.

The affidavits of both Ed Grimes and D. H. Arnold show that T. J. Cromeens and wife, Dorlene Cromeens, appellants, executed a promissory note in the principal sum of Eighteen Thousand Dollars, dated 19 December, 1956, payable to the order of Arnold Cotton Company on demand, but if not demanded sooner, then due on November 1, 1957, bearing interest from date until paid at the rate of ten per cent per annum; and that J. N. Grimes and wife, Jimmie B. Grimes, appellants, executed a promissory note in the principal amount of Seven Thousand Dollars, dated December 19, 1956, payable to the order of Arnold Cotton Company on demand, but if not demanded sooner, then due on November 1, 1957, bearing interest from date until paid at the rate of ten per cent per annum, both of which notes were secured by deeds of trust on real estate in Houston County, Texas, owned by the appellants, T. J. Cromeens and wife, Dorlene Cromeens, and J. N. Grimes and wife, Jimmie B. Grimes. The affidavits of appellants, J. N. Grimes and T. J. Cromeens and Dorlene Cromeens state that these notes were made as accommodation to Ed Grimes, the father of J. N. Grimes and Dorlene Cromeens, and that they received no money therefor.

The affidavit of Ed Grimes shows that the total sum of the payments made by him to Arnold Cotton Company from December, 1956, through February, 1957, exceeded the principal sum of the notes in question together with accrued interest; that said payments were made by Ed Grimes for T. J. Cromeens and Dorlene Cromeens and J. N. Grimes and Jimmie B. Grimes to Arnold Cotton Company to be applied to the payment of said notes as long as there was any balance due and owing on either of said notes, the balance, after said notes were fully paid off, to be applied to the payment of other accounts of Ed Grimes due and owing to Arnold Cotton Company.

To summarize briefly, the affidavit of Ed Grimes contains the following:

(1) Ed Grimes made the said payments to Arnold Cotton Company on the respective dates shown.

(2) He directed and requested that such payments be applied to the payment of said notes of the said T. J. Cromeens and wife, Dorlene Cromeens, and J. N. Grimes and wife, Jimmie B. Grimes.

(3) He discussed these payments with Leonard Arnold as they were being made and Leonard Arnold advised Ed Grimes that such payments were being applied by Arnold Cotton Company to the payment of said notes and led him to believe that such payments were being credited to the said Cromeens' and J. N. Grimes' notes.

(4) The said payments were accepted by the said Arnold Cotton Company as payments on said notes.

(5) Ed Grimes was making such payments to Arnold Cotton Company for and on behalf of T. J. Cromeens and wife, Dorlene Cromeens, and J. N. Grimes and wife, Jimmie B. Grimes, to pay off and discharge their said notes.

J. N. Grimes, T. J. Cromeens and wife, Dorlene, in their affidavits state that after Ed Grimes had told them that if they would sign the notes and deeds of trust, involved in this suit, all the payments made by him (Ed Grimes) to Arnold Cotton Company from that time until said notes were fully paid would be applied to the payment of the notes, They went to the Arnold Cotton office and . talked to Mr. Leonard Arnold. He told them the same thing that Ed Grimes had, i. e., that all payments from that date made by Ed Grimes would be applied to the notes until fully paid and thereupon they agreed to and did sign the notes and deeds of trust. It is shown by the affidavit evidence of Ed Grimes that Leonard Arnold was authorized to and did transact business for the Arnold Cotton Company; that his acts and agreements for and on the behalf of Arnold Cotton Company were and have been at all times accepted and agreed to by D. H. Arnold, appellee.

The affidavit of D. H. Arnold does not deny that the notes were made by J. N. Grimes and wife, Jimmie B. Grimes, and T. J. Cromeens and wife, Dorlene Cromeens, as accommodation for Ed Grimes. The said affidavit, after describing said notes, states only that nothing had been paid on either of said notes and that said notes were placed in the hands of the respective attorneys for collection. The affidavit of Loretta Halyard, filed with the affidavit of D. H. Arnold in support of the Motion for Summary Judgment, states·that she has kept the records of Arnold Cotton Company and is familiar with the transaction; that she has read the affidavit of D. H. Arnold; and that the facts stated there-in are true. These are the only affidavits filed by appellee in support of its Motion for Summary Judgment.

Arminta Mary Carter Arnold and The Austin National Bank have filed in this cause a suggestion of death, and informs this court that D. H. Arnold, the appellee, died on August 13, 1970, and that they are the duly nominated, appointed, qualified and acting independent co-executors of his estate and moves this court·to substitute them as appellees in this cause.

This appeal was pending when the appellee died, and we are of the opinion that the suggestion of death is well taken and that Mrs. Arnold and The Austin National Bank will be substituted as appellees in this cause. Rule 369a, T.R.C.P.

In view of our disposition of this case, it is unnecessary for us to pass upon the other points of error assigned by appellants.

Judgment reversed and remanded for a trial on the merits.

## ON MOTION FOR REHEARING

Appellee in his motion for rehearing contends that the plea of payment asserted by appellants could not be considered by the trial court because the same was in violation of the parol evidence rule in that it varied the unconditional written promise of appellants to pay a sum certain at a stated time; that "the parole evidence rule precludes the reception of any evidence to vary the express unconditional promise contained in the writing, to pay a sum certain in money at a fixed future time and for this reason the Summary Judgment evidence of Appellants did not raise any issue of fact."

The general rule is that parol testimony cannot be offered to vary the terms of a written contract and that a parol agreement to permit a promissory note

**510**

to be paid in anything except money is not enforceable. However, an exception to the general rule is that where parties make a prior or contemporaneous oral agreement that a note may be paid by services to be performed, and the party performs the service, which is accepted, it does not come within the rule of varying written obligations. It is a contract that has been performed and when the party has accepted the services and labor with the agreement that he will credit the value thereof on the note, he will be required so to do. Seley v. Colbert, 272 S.W. 818 (Tex.Civ.App., Waco, 1925, n. w. h., holding approved in 1953 by the Supreme Court in Collins v. Republic Nat. Bank of Dallas, 152 Tex. 392, 258 S.W.2d 305); Phipps v. Hemphill, 267 S.W. 310 (Tex.Civ.App., Amarillo, 1924, n. w. h.); David Berg and Company v. Ravkind, 375 S.W.2d 317 (Tex.Civ.App., Tyler, 1964, writ ref., n. r. e.); 44 T.J.2d, p. 731, sec. 66.

We construe the affidavit of Ed Grimes to show that the notes were timely paid in full with money. Irrespective of how they were paid he does state clearly in his affidavit that the payments tendered were accepted by Arnold Cotton Company as payments on said notes.

If the notes have been paid as contended by the appellee, the debt has been extinguished, Ormsby v. State Life Ins. Co., 133 S.W.2d 797 (Tex.Civ.App., Dallas, 1939, n. w. h.); First Nat. Bank of Goree v. Talley, 115 Tex. 591, 285 S.W. 612 (Tex.Com. of App., opinion adopted 1926), and the mortgage lien securing it is thereby discharged. Heidenheimer v. Higginbotham-Bartlett Co., 53 S.W.2d 644 (Tex. Civ.App., Amarillo, 1932, writ ref.); 44 T.J. 2d, p. 665, sec. 16. Payment or satisfaction of an instrument may be made or given by any person, including one who is a stranger to the instrument, if it is with the consent of the holder. 1 Anderson's Uniform Commercial Code, p. 740, sec. 3–603:7;

Texas Business & Commercial Code, sec. 3.603(b), V.T.C.A.

Remaining convinced that we correctly disposed of this appeal in our original opinion, appellants' motion for rehearing is respectfully overruled.