## SEVINE v. HEISSNER.

### No. 9791.

Court of Civil Appeals of Texas. Austin.

April 27, 1949.

Rehearing Denied May 11, 1949.

W. Wroe Owens, of Austin, for appellant.

Shelton & Shelton, and Emmett Shelton, of Austin, for appellee.

HUGHES, Justice.

This contest is between two sisters, the appellant, Mina H. Sevine, and appellee, Bertha Heissner, and involves an undivided one-third interest in the estate of Roger Putnam, deceased; appellant claiming to be the equitable owner of one-half of such undivided interest.

Trial with a jury resulted in an instructed verdict for appellee.

The facts herein stated are found after viewing the evidence admitted and which should have been admitted in a light most favorable to appellant and after drawing all reasonable inferences therefrom.

There were three Putnam brothers, Will, Carl and Roger. Their mother died when they were very young and their father, Thomas Putnam, entrusted their care to Mr. and Mrs. Heissner, the father and mother of the parties to this suit; this was some fifty-three years ago. The elder Putnam and Heissners are now dead.

Of the three Putnam boys only Will now survives. Carl died leaving as his only heir a son, Carl Putnam. Roger Putnam died intestate September 28, 1941, leaving as his only heirs his brother, Will Putnam, and his nephew, Carl Putnam.

The estate of Roger Putnam was administered in the probate court of Jim Wells County with appellee as adminis-

tratrix. The final order of partition and distribution in such estate, entered March 15, 1943, recites:

"(a) That Roger Putnam died intestate and the persons entitled to his estate as his heirs at law are Carl Putnam, a minor, who has had his disabilities as a minor removed by the District Court of Travis County, Texas, and Will Putnam, an adult; (b) that Carl Putnam and Will Putnam have transferred and assigned an undivided one-third interest in all property and claims of said estate, to Bertha Heissner, an adult feme sole; (c) that said parties are entitled to share in the partition and distribution of said estate in the following proportions: Bertha Heissner, one-third; Carl Putnam, one-third; and Will Putnam, one third * * *."

A deed of the same date from Will Putnam and wife to appellee and Carl Putnam conveys an undivided one-third interest in certain lands, a part of the Roger Putnam estate, and which had been set aside to appellee in the partition of such estate. This deed recited a consideration of $10 paid and "as part of the settlement of the estate of Roger Putnam, deceased." The deed also obligated the grantees to assume the payment of the balance owing to the Federal Land Bank of Houston on a debt secured by a lien on the lands being conveyed.

As to this deed appellant pleaded:

" * * * that as a young boy said Roger Putnam and his brothers had lived in the home of plaintiff and defendant, and during his entire life had regarded them with love and affection, contributing to their support and in other ways demonstrating his love and affection for them; that prior to his death said Roger Putnam had stated to his brother, Will Putnam, and to his brother's wife, Cora Putnam, that he intended to provide for plaintiff and defendant as long as they lived; that despite such intention to provide for plaintiff and defendant, said Roger Putnam died without leaving a will; that because of the above circumstances and in deference to his said wishes, Roger Putnam's heirs at law, said Will Putnam

and his nephew, Carl Putnam, Jr., divided said estate into three equal portions, each of said heirs at law taking one of such portions and the third portion being conveyed and delivered to defendant, Bertha Heissner, for the equal benefit of herself and this plaintiff; that such written contract of partition was duly filed in the probate cause above mentioned and judgment to that effect was entered in said cause on March 15, 1943; that defendant's attorney advised that it would facilitate the management and disposition of said property if it was conveyed and delivered to defendant, and that in reliance upon this advise plaintiff consented that such conveyance and delivery be so made, and that accordingly plaintiff's interest in such property was not made a matter of record, but that it was understood and agreed that plaintiff and defendant should nevertheless be the equal owners thereof and equally entitled to the income therefrom.

"That pursuant to said agreement there was conveyed and delivered to defendant, for the joint use and benefit of herself and plaintiff an undivided one-half interest in the following described property, the other one-half thereof being conveyed and delivered to said Carl Putnam, Jr."

And her prayer being:

"Wherefore plaintiff prays that defendant be required to make an accounting, that plaintiff have judgment against defendant for at least the sum of Thirty Thousand and no/100 Dollars ($30,000.-00) and for such further sums as shall be found due on such accounting, that such sums be adjudged a lien upon the said real estate, described above, and for such other and further relief that she may be entitled at law or in equity."

Appellee answered this pleading with a formal answer, but on the day before the trial filed, apparently without leave of the court, an amended answer which contained pleas of res adjudicata, insufficiency of the pleadings to state a cause of action by reason of the Texas Trust Act, absence of a necessary party, statute of frauds, statutes of limitation, and numerous special exceptions.

Appellant moved to strike this answer under Rule 63, Texas Rules Civil Procedure.

The record does not disclose whether this motion was ever called to the attention of the court, nor does the record show whether appellee's amended answer was considered as the pleading upon which appellee went to trial.

Appellee's motion for instructed verdict is based solely upon the lack or insufficiency of evidence to prove that the property in suit was conveyed to appellee in trust for the use and benefit of appellant and is not based upon any deficiency in appellant's pleading.

The substance of the testimony to establish the trust, admitted, or excluded over appellant's objection and as to which complaint is here made, is as follows:

Roger Putnam felt very grateful, to the elder Heissners for their kindnesses to him and his brothers and believed it to be his duty to provide and care for the Heissner girls. In fact, he promised the elder Mrs. Heissner, shortly before her death, that he would take care of "her girls." Roger Putnam, although he helped the Heissner girls until his death, made no provision for them to benefit from his estate. Will Putnam, Roger's brother, felt morally obligated to fulfil the promise Roger made to Mrs. Heissner. Accordingly, an oral agreement was made that the Roger Putnam estate be divided, one-third to each of the heirs and one-third to the Heissner girls; this agreement being consented to by Carl Putnam and Bertha Heissner, appellee.

Neither the probate court judgment nor the deed includes or names appellant as a grantee. Will Putnam explains this, because of "our erroneous belief that Bertha was honest and loved her sister Mina and Mina's lack of cooperation. We thought Bertha's word was good." In referring to the agreement that Bertha was to hold the property for herself and her sister, Will Putnam said: "This agreement was always oral as I didn't consider a written agreement necessary between two sisters."

There was no evidence in support of the pleading that appellee's attorney advised omitting appellant's name from the deed or probate judgment.

■ In our opinion the evidence admitted or which should have been admitted was sufficient to show that the property in suit was conveyed to appellee in trust, to the extent of an undivided one-half interest for appellant, and that proof or enforcement of such trust is not precluded by either the statute of frauds or the Texas Trust Act, Vernon's Ann.Civ.St. art. 7425b—1 et seq., under the reasoning employed by the Supreme Court in Mills v. Gray, Tex.Sup., 210 S.W.2d 985.

In reaching this conclusion we find that while there is no blood relationship between the Putnams and the Heissners, there is a family relationship of such a nature as to create confidential relations between them, the abuse of which would, under the facts above stated, if found true, give rise to a constructive trust under the principles set out in Mills v. Gray, supra.

■ We are further of the opinion, however, that the judgment of the trial court must be affirmed by reason of the specific holding of the Supreme Court in Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65, 66.

We will explain our decision.

In the instant case the deed from Will Putnam to appellee is based upon a contractual consideration.

In Kidd v. Young, supra, the conveyance was from a father and mother to their son and daughter and the consideration was ten dollars and the assumption by grantees of the balance due on a note payable to the Federal Land Bank of Houston and secured by a lien on the land conveyed. The purpose of the suit was to impress the land with a trust in favor of the mother, under an oral agreement that the grantees in the deed would hold the lands in trust for the mother and convey them to her or to any person to whom she might elect to sell the lands.

Parol evidence was held to be inadmissible to establish the trust, the court saying:

"The rule has been announced and applied many times in this state that when

the consideration expressed in a deed or other contract is contractual and there is no allegation of fraud, accident or mistake, parol evidence is not admissible to contradict or vary the consideration so expressed, if the result would be to change or defeat the legal operation and effect of the instrument. (Citing authorities.) The rule stated applies to any attempt to impose on the grantee in a deed a parol trust in respect to the property conveyed. (Citing authorities.) And that a cash consideration, although nominal, plus the assumption of an outstanding indebtedness, constitutes a contractual consideration is definitely settled. (Citing authorities.)"

Mills v. Gray, supra, is distinguishable on the ground that the consideration in the deed in that case was not contractual but a recited consideration of one dollar and other valuable considerations.

In both the Mills-Gray case and the Kidd-Young case the relationship between the grantors and grantees in the deeds was such as to create a confidential relation between the parties. In the Mills-Gray case the court quoted with approval from 159 A.L.R. 1007, as follows [210 S.W. 2d 988]:

"Fraud sufficient to raise a constructive trust from an oral promise made by the grantee to his grantor is not necessarily limited to actual fraud. As the earlier annotations indicate, the breach of a confidential relationship existing between the grantor and the grantee frequently is considered to be such constructive fraud as will give rise to a constructive trust."

If this language means that the breach of a confidential relation was fraud in the Mills-Gray case, then, it seems, it would have likewise been fraud in the Kidd-Young case; it being conceded in the latter case that a parol trust could be engrafted on a deed even where the consideration was contractual in the event of "fraud, accident or mistake."

The confidential relationship between the parties was not discussed in the Kidd-Young case and such case was not cited in Mills-Gray.

Because the fact situation before us is almost identical with the one before the court in Kidd v. Young, we feel that we should follow the holding in that case and leave to the Supreme Court the solution of any inconsistency, if there be any, between the opinions in the two cases under discussion.

The judgment of the trial court is affirmed.