## MINA SEVINE V. BERTHA HEISSNER.

No. A-2280. Decided November 2, 1949.
Rehearing overruled November 30, 1949.
(224 S. W., 2d Series, 184.)

346

*W. Wroe Owens* and *Chas. L. Krueger*, both of Austin, for petitioner.

*Shelton & Shelton* and *Emmett Shelton*, all of Austin, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion for the Court.

This is a suit by petitioner, Mrs. Mina Heissner Sevine, against her sister, respondent Bertha Heissner, for an accounting of one-half of all money received by respondent out of property, a one-half interest in which is claimed by petitioner. The prayer was for an accounting and for judgment for $30,000.00 and such further sums as the accounting might disclose were due the petitioner, and for the establishment of a lien upon certain real estate to secure the amount found due. The basis of the suit is that petitioner owns a one-half interest in real and personal property standing in the name of respondent, and that respondent holds petitioner's half interest as trustee. While the prayer did not seek a decree vesting title to any portion of the property in petitioner, still her cause of action is based upon the ground that respondent was trustee as to petitioner's half interest. When petitioner had introduced her evidence, the trial court, upon motion of respondent, withdrew the case from the jury and rendered judgment that petitioner take nothing. That judgment was affirmed by the Court of Civil Appeals. 220 S. W. (2d) 704.

Since no evidence was introduced by respondent our statement of the case will be based solely upon evidence introduced or sought to be introduced by petitioner. More than fifty years ago Thomas Putnam entrusted the care of his three sons, Will, Carl, and Roger, after the death of their mother, to Mr. and Mrs. Heissner, parents of the parties to this suit. The boys grew up in the Heissner home. Thomas Putnam and the elder Heissners have been dead many years. Of the three Putnam sons, only one, Will Putnam, is now living. Carl left as his heir a son named Carl. Roger, who accumulated a rather large estate, died intestate, leaving as his only heirs his brother, Will, and his nephew, Carl. Out of a sense of gratitude toward the elder Heissners, Roger Putnam during his lifetime expressed a purpose to take care of the Heissner girls, the parties to this suit. He rendered them assistance until his death, but made no provision for them by will. After Roger's death Will Putnam felt morally obligated to carry out his known desires, and to that end agreed with his nephew, Carl, and the respondent that one-third of Roger's entire estate should pass to respondent, but that she should hold one-half of that one-third interest as trustee for petitioner. The reason for placing the whole interest in respondent's name was explained by Will Putnam in his deposition. The trust agreement rested in parol, and the principal question for decision is whether or not parol evidence was admissible to establish the trust.

On the trial of the case petitioner introduced a final order of partition and distribution of the estate of Roger Putnam entered in the county court of Jim Wells County, the court in which the estate was administered. That decree recited:

"After hearing the statement of counsel and considering the evidence submitted, the Court is of the opinion and finds: (a) That Roger Putnam died intestate and the persons entitled to his estate as his heirs at law are Carl Putnam, a minor, who has had his disabilities as a minor removed by the District Court of Travis County, Texas, and Will Putnam, an adult; (b) That Carl Putnam and Will Putnam have transferred and assigned an undivided one-third interest in all property and claims of said estate, to Bertha Heissner, an adult feme sole; (c) That said parties are entitled to share in the partition and distribution of said estate in the following proportions; Bertha Heissner, one-third, Carl Putnam, one-third, and Will Putnam, one-third; (d) That all claims due and owing by the estate and required by law to be paid, have been paid, that more than twelve months have elapsed since original administration was granted, and the estate has been fully administered as provided by law;

(e) That no contest or objection to the settlement and distribution has been filed or made by any person; (f) That the parties interested in the estate have agreed upon a partition and distribution thereof and have agreed that the following decree be entered, to-wit: * * *."

By the decree there was set aside and awarded to Bertha Heissner and Carl Putnam an oil and gas lease covering land in Bexar County, a cabin in Jim Wells County, different items of personal property, stock in corporations, and 822 acres of land in Travis County, described in six tracts. The decree set aside to Will Putnam a number of tracts of real estate, some mineral interests, and personal property, all described in the decree. The decree provided that respondent and Carl Putnam should pay off and discharge the balance due the Federal Land Bank of Houston under its deed of trust upon the Travis County real estate. Petitioner also offered a deed, bearing the same date as the decree, executed by Will Putnam and his wife, Cora Putnam, conveying to respondent and Carl Putnam all their right, title and interest in and to the undivided one-third interest of Will Putnam in that real estate. The consideration recited was ten dollars cash "and as part of the settlement of the estate of Roger Putnam, deceased." Following the warranty, the deed recited that respondent and Carl Putnam agreed to assume and pay off the balance due the Federal Land Bank of Houston under the deed of trust held by it on the land.

The trial court sustained objections of respondent to the oral testimony sought to be introduced by petitioner to establish the trust. In this we think the court erred. Since the whole basis of petitioner's suit was that the trust agreement was valid, no judgment could have been rendered in her favor after the oral testimony was excluded, and the trial court accordingly rendered judgment against her. The Court of Civil Appeals was of the view that the evidence offered by petitioner, if found true, gave rise to a constructive trust under the principles announced in Mills v. Gray, 147 Texas 33, 210 S. W. (2d) 985, but nevertheless affirmed the judgment of the trial court on the ground that parol evidence is not admissible to impose upon the grantee in a deed a parol trust in respect to property conveyed if the consideration upon which the deed is based is contractual, citing Kidd v. Young, 144 Texas 322, 190 S. W. (2d) 65. It was the court's view that the obligation to discharge the indebtedness against the land was part of the consideration for its acquisition; that that obligation was contractual in nature and could not therefore be varied by parol.

■ It seems that it has been assumed that the Texas Trust Act of the 48th Legislature, page 232, chapter 148 (Vernon's Ann. Civ. State., Art. 7425b—1), applies to these transactions. By the terms of section 7 of that Act an express trust in land cannot be established by parol evidence. But that Act became effective after the rights of the parties in this case had become fixed and although the case was tried after its effective date, still the Act does not bar parol evidence of an express trust arising before its passage. Binford v. Snyder, 144 Texas 134, 189 S. W. (2d) 471. We need not determine, therefore, whether the trust established by the evidence, if believed, was a constructive trust or an express trust, for prior to the effective date of that Act parol evidence was admissible to establish either. That has long been settled by the decisions of this court. James v. Fulcrod, 5 Texas, 512, 55 Am. Dec. 743; Faville v. Robinson, 111 Texas 48, 227 S. W. 938; Binford v. Snyder, 144 Texas 134, 189 S. W. (2d) 471. See also Allen v. Allen, 101 Texas 362, 107 S. W. 528, and Jones v. Siler, 129 Texas 18, 100 S. W. (2d) 352.

Neither does the rule that parol evidence is not admissible to engraft a trust upon land acquired by a deed based upon a contractual consideration have any application. It is impossible to determine from the parol testimony just how respondent acquired an interest in Roger Putnam's estate, but it is shown that such interest was acquired by a transfer or assignment recognized as sufficient to pass title. She did not acquire it by the probate decree. That decree, the recitals of which are not questioned by either party, but are relied upon by both, contains this finding: "that Carl Putnam and Will Putnam have transferred and assigned an undivided one-third interest in all property and claims of said estate to Bertha Heissner, an adult feme sole." There is no showing that as a consideration for that transfer and assignment, which had theretofore been made, Bertha Heissner assumed any obligation. What the probate court did was to enter a decree distributing the assets of that estate to those to whom it already belonged.

■ Bertha Heissner acquired no title by the deed from Will Putnam and wife to her and Carl Putnam. That deed, which related only to a portion of the estate, was executed on the date of the probate decree and was evidently nothing more than a partition deed. Neither the decree nor the deed conveyed title to any of this property. The effect of the decree was to dissolve the tenancy in common and locate the rights of the parties in distinct portions of the property, extinguishing those

rights in all other portions thereof. Chace v. Gregg, 88 Texas 552, 32 S. W. 520; Houston Oil Company of Texas v. Kirkindall, 136 Texas 103, 145 S. W. (2d) 1074; 32 Tex. Jur. 146. The deed from Will Putnam and wife served no particular purpose, unless it was to confirm in part the probate decree.

It is immaterial what obligation respondent may have assumed in the probate decree or the partition deed. Having acquired a one-third interest in the estate of Roger Putnam prior to the decree, rather than by virtue of it or the deed, she could not defeat the right of petitioner to assert a parol trust in a portion of it by later assuming an obligation with respect thereto.

The judgments of the courts below are reversed, and the cause is remanded to the district court.

Opinion delivered November 2, 1949.

Rehearing overruled November 30, 1949.