SEVINE v. HEISSNER et al.

No. 10165.

Court of Civil Appeals of Texas.

Austin.

Oct. 28, 1953.

Rehearing Denied Nov. 25, 1953.

Charles L. Krueger, Wroe Owens, Hardy Hollers by Hardy Hollers, Austin, for appellant.

Shelton & Shelton by Emmett Shelton, Austin, for appellees.

HUGHES, Justice.

This case is before us for the second time. Our first opinion affirming the trial court's judgment against Mina Sevine was reversed and the cause remanded to the District Court by the Supreme Court. See Tex.Civ.App., 220 S.W.2d 704; 148 Tex. 345, 224 S.W.2d 184.

In accordance with the mandate of the Supreme Court a retrial has been conducted by the District Court with the aid of a jury. Based upon the verdict of the jury judgment has been rendered by the trial court denying appellant, Mrs. Mina Sevine, any relief.

While the parties have amended their pleadings this suit is basically the same as it was on the first appeal, that is, it is a suit by Mina Sevine against her sister, Miss Bertha Heissner, to establish a trust for her benefit on and to an undivided one-half interest in an undivided one-third interest in certain real and personal property constituting the estate of Roger Putnam at the time of his death, for an accounting and for incidental relief.

Roger Putnam died intestate September 28, 1941, leaving as his only heirs his brother, Will Putnam, and his nephew, Carl Putnam.[1] Roger Putnam was not related to appellant or Miss Bertha Heissner. His intimate acquaintance with them stemmed from the fact that he had been taken into the Heissner home by the parents of Miss Heissner and Mrs. Sevine following the death of his mother and when he was a small child.[2]

On November 21, 1941, Carl and Will Putnam conveyed to Bertha Heissner an undivided one-third interest in the estate of Roger Putnam, deceased, "subject to all debts thereof, taxes thereon and expense of administration." This deed was not before the Court on the former appeal but it, no doubt, is the instrument which the Supreme Court envisaged when it said [224 S.W.2d 186]:

"It is impossible to determine from the parole testimony just how respondent acquired an interest in Roger Putnam's estate, but it is shown that such interest was acquired by a transfer or assignment recognized as sufficient to pass title."

We quote, in part, from the deed of November 21, 1941:

"Whereas, Roger Putnam, late of Jim Wells County, Texas, departed this life intestate on or about the 28th day of September 1941, leaving surviving him as his sole and only heirs at law, Carl Putnam, Jr., and Will Putnam, sometimes known as W. J. Putnam; and,

"Whereas, administration has been taken out upon his Estate in the County Court of Jim Wells County, Texas,

1. A party defendant.

2. For a more complete statement of the background of this case see opinions on former appeal.

and Bertha Heissner has been appointed Administratrix of his said Estate; and,

"Whereas, differences have arisen between the said Carl Putnam and Will Putnam, in regard to the relative shares of the Estate of the said Roger Putnam to which they are entitled, and litigation is threatened, but · both of such parties recognize the fact that the said Bertha Heissner was very dear to the said Roger Putnam, she having mothered him for many years, and he having felt an obligation to care for the said Bertha Heissner as repayment for her care and attention toward him; it is now the desire of the said Carl Putnam and Will Putnam, and they hereby settle all differences heretofore existing between them in regard to the shares of the Estate of the said Roger Putnam to which they are, or shall be, entitled, and by way of providing for the said Bertha Heissner agree as follows:

"That the Estate of the said Roger Putnam, both real, personal or mixed, wherever situated, after all debts, expenses of administration, including reasonable attorney's fee for representing the Administratrix as hereinafter provided, and all taxes of whatsoever nature, including inheritance and estate taxes, have been paid, shall be divided in three equal shares and one share allotted to each the said Carl Putnam, Will Putnam and Bertha Heissner, and the said Carl Putnam and Will Putnam hereby remise, release and forever quit-claim unto the said Bertha Heissner, her heirs and assigns forever, such undivided one-third (⅓) interest in and to the Estate of the said Roger Putnam, Deceased, subject to all debts thereof, taxes thereon and expense of administration, as above stipulated.

"And the said Carl Putnam does hereby remise, release and forever quit-claim unto the said Will Putnam, his heirs and assigns, forever, an undivided one-third (⅓) interest in and to such Estate, subject to all debts thereof, taxes thereon, and expenses of administration, as above stipulated.

"And the said Will Putnam does hereby remise, release and forever quit-claim unto the said Carl Putnam, his heirs and assigns forever, an undivided one-third (⅓) interest in and to such Estate, subject to all debts thereof, taxes thereon and expenses of administration, as above stipulated.

"The said Bertha Heissner joins herein in executing this instrument for the purpose of evidencing her acceptance of the interest herein provided for her in full satisfaction of any and all claims that she may have against the estate of the said Roger Putnam, Deceased, and except as hereinafter provided, in full satisfaction of all services heretofore, or that may hereafter be rendered by her as Administratrix of such Estate, and in lieu of any compensation provided by law."

It is appellant's contention that the one-third interest in the property conveyed by this deed to Bertha Heissner was conveyed to and received by her in trust for appellant to the extent of an undivided one-half of the interest so conveyed.

Special issues submitted to the jury and its answers are:

"*Special Issue No. 1:*

"Do you find from a preponderance of the evidence that in the division of the estate of Roger Putnam, deceased, Will Putnam and his nephew, Carl Putnam, gave one share of said estate to Bertha Heissner for the use and benefit of herself and Mina Sevine? Answer Yes or No.

"Answer: *No.*

"*Special Issue No. 2:*

"Do you find from a preponderance of the evidence that at the time of the partition of the Roger Putnam estate, defendant Bertha Heissner knew and

understood that she was receiving a one-third interest in said estate for the equal use and benefit of herself and plaintiff, Mina Sevine? Answer Yes or No.

"Answer: *Yes.*

*"Special Issue No. 3:*

"Do you find from a preponderance of the evidence that the sum of $10,-905.66 designated as 'salary', received by Bertha Heissner from Central Producers, Inc., was received by her solely on account of the stock held by her in said company, as distinguished from money received for personal services rendered to said company? Answer Yes or No.

"Answer: *Yes.*

*"Special Issue No. 4:*

"Do you find from a preponderance of the evidence that plaintiff, Mina Sevine, knew prior to November 21, 1941, of the defendants' intention, if any, to repudiate the gift to her, if any, of a portion of the Roger Putnam estate? Answer Yes or No.

"Answer: *No.*

*"Special Issue No. 5:*

"Do you find from a preponderance of the evidence that plaintiff, Mina Sevine, knew prior to the month of March 1943, of the defendants' intention, if any, to repudiate the gift to her, if any, of a portion of the Roger Putnam Estate? Answer Yes or No.

"Answer: *Yes.*

*"Special Issue No. 6:*

"Do you find from a preponderance of the evidence that plaintiff, Mina Sevine, had been informed by the defendants, Bertha Heissner or Carl Putnam, or by their attorney, on or before the execution of the instrument designated as Defendant's Exhibit No. 3, herein, that she, the plaintiff, was not to participate in the division of the Roger Putnam estate? Answer Yes or No.

"Answer: *Yes.*

*"Special Issue No. 7:*

"Do you find from a preponderance of the evidence that plaintiff, Mina Sevine, either by words or conduct, induced a reasonable belief on the part of the defendant that she consented to the conveyance by Carl Putnam, Jr., to Bertha Heissner of a portion of the Roger Putnam estate? Answer Yes or No.

"Answer: *Yes.*

"In the event you have answered Special Issue No. 7 'Yes' and in that event only, you will answer the following:

*"Special Issue No. 8:*

"Do you find from a preponderance of the evidence that the defendant Carl Putnam, Jr., would have refrained from making a conveyance to Bertha Heissner, had he known that the plaintiff was making claim to a portion thereof? Answer Yes or No.

"Answer: *Yes.*"

Except as to Special Issues Nos. 7 and 8 appellant does not assign as error the lack or insufficiency of the evidence to support the answers of the jury to such issues.

Nor does appellant assign as error any conflict between the findings of the jury.

Neither does appellant assign any error which might result in a new trial. Her only prayer is for reversal and rendition of judgment in her behalf.

Appellant's single affirmative assignment of error is that the answers of the jury to Special Issue No. 2, regardless of any other jury finding, entitled her to judgment.

It will be noted that in Special Issue No. 1 the word "division" is used and in Special Issue No. 2 the word "partition" is used. Actually the estate was divided when the deed of November 21, 1941, was executed although there was no partition of the estate until March 15, 1943.

In spite of this discrepancy we will, nevertheless, construe the findings as being ref-

able to the same event, i. e., the division by deed in 1941, as appellant would have us do.

So construing such findings it would appear that while Will and Carl Putnam, the owners of the estate, did not on November 21, 1941, convey the property to Bertha Heissner in trust for the use and benefit of herself and her sister, Mina Sevine, that she then "knew and understood" that she was receiving it for such purpose.

■ Even so, we are of the opinion that such findings do not support a judgment for appellant.

In attempting to dissipate the effect of the jury's answer to Special Issue No. 1, appellant says:

"Such a finding (Issue No. 2) in no way conflicts with the finding to Special Issue Number One. In that issue the jury was asked about an agreement of Bertha Heissner with *both* Carl Putnam and Will Putnam. The jury found that such agreement did not exist with *both*, but such a finding could not preclude an agreement with *one* of them, and in Special Issue No. Two, such a finding was obviously made; under the evidence that *one* was Will Putnam."

■ It was appellant's duty to see that issues necessary to recovery by her were submitted to the jury or that their submission was properly requested. Tex.Jur. 41b, p. 528.

There is no issue inquiring if Will Putnam conveyed the property in trust for appellant and her sister and no such issue was requested.

Standing alone Special Issue No. 1, to us, means, conceivably, that either Will Putnam or Carl Putnam or both Will and Carl did not convey the property in partial trust for appellant.

■ If Special Issue No. 2 has any meaning contrary to this then it is in conflict, a matter of fundamental error which the parties cannot waive. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222

S.W.2d 985, 991. This case also prescribes the test for determining whether a conflict exists, which we quote:

"* * * the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered."

Laying aside Special Issue No. 1, does the remainder of the verdict necessarily require rendition of a judgment for appellant? We think not.

The nature of the trust which appellant pleaded and attempted to prove was an express donative trust, 42 Tex.Jur. p. 8. Elbert v. Waples-Platter Co., Tex.Civ.App. Forth Worth, 156 S.W.2d 146 (writ ref., w. o. m.).

"An express trust can come into existence only by the execution of an intention to create it by the one having legal and equitable dominion over the property made subject to it." 54 Am. Jur. 22, Sec. 5, as quoted in Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985, 987.

■ Special Issue No. 2 while it affirms acceptance of a trust on the part of Bertha Heissner completely fails to find, as does the remainder of the verdict, that the owners of the property or either of them had the requisite intention of conveying an interest therein to Bertha Heissner in trust for Mina Sevine. Such action by Bertha Heissner alone could not create the trust.

■ Our conclusion is that the findings of the jury to Special Issues Nos. 1 and 2

are not necessarily in conflict and that the trial court properly rendered judgment for appellees on the verdict of the jury.

This conclusion dispenses with the necessity of passing upon appellant's Second and Third Points to the effect that the answers of the jury to Special Issues Nos. 7 and 8, supra, are without evidence to support them and that they are immaterial.

The judgment of the trial court is affirmed.

Affirmed.

On Appellant's Motion for Rehearing.

We confess doubt concerning our holding that Special Issues Nos. 1 and 2 are not in conflict, a question which we felt compelled to decide under the Dunn case even though not assigned as error in appellant's brief and even though appellant has asked for no relief in this Court by brief or by Motion for Rehearing or by written argument in support of such motion except that judgment be rendered in her behalf. In fact, upon oral argument on submission of this cause appellant's counsel stated that a new trial was not desired.

We adhere, dubitante, to our previous holding.

We, however, re-inject into this case the doctrine of Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65, 66, and many other authorities collated under Sec. 388, Evidence—Civil Cases, Vol. 17, Tex.Jur., to the effect that if the consideration in the deed of November 21, 1941, as to appellee, is contractual, as is patent, parol evidence is inadmissible to impose on appellee a parol trust in respect to the property conveyed in the absence of a plea of fraud, accident or mistake.

This rule is exemplified here for if parol evidence is admissible to prove that appellee relinquished claims and fees in consideration of the conveyance to her of a one-sixth interest in the Roger Putnam estate rather than a one-third interest as the deed provides then parol evidence would be admissible to establish the conveyance to her of any lesser interest.

This deed is not attacked on the ground of accident, fraud or mistake unless the relationship between the parties be considered as involving the doctrine of Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985, a matter discussed in our opinion on the first appeal of this case. For the reasons there stated we do not further consider this question.

 Our conclusion is that parol evidence was not admissible to change the effect of the November 21, 1941, deed.

The motion is overruled.

Motion overruled.