Dora JACKSON, Appellant,

v.

Minnie J. HERNANDEZ et vir., Appellees.

No. 12776.

Court of Civil Appeals of Texas.

Galveston.

Dec. 16, 1954.

Rehearing Denied Jan. 13, 1955.

James DeAnda, Houston, for appellant.

R. O. Kenley, and H. C. Davidson, Houston, for appellees.

HAMBLEN, Chief Justice.

This suit was instituted in the District Court of Harris County by the appellant, Dora Jackson, secking partition of certain real property located in the City of Houston. The appellee, Minnie J. Hernandez, filed a cross-action seeking to engraft a parol trust in her favor in the property. After a trial before the court without a jury, judgment was entered denying appellant any relief in the partition action, and awarding appellee the title and possession of the property in question.

No findings of fact and conclusions of law were filed by the trial court. The proof, the competency and admissibility of much of which appellant strongly contests, is sufficient, if competent and admissible, to support the following factual basis upon which, appellee contends, the judgment properly rests.

Appellant and appellee are sisters, and are the sole heirs of Callatana Castro, who died in 1950. In 1927, Callatana Castro was in ill health, unable to work, had no income, and was dependent upon appellee with whom she resided for her support and maintenance. Prior to the purchase of the property in question, appellee and her mother discussed the purchase of a home for their joint occupancy and benefit. Such discussion resulted in an agreement between them that the property would be purchased in the name of the mother, but that appellee would pay for it, after which the mother would transfer the title to appellee, subject to her right to occupy it so long as she lived. Pursuant to such agreement, a contract was entered into on November 7, 1927, between the mother as purchaser, and J. H. Swope as seller, for the purchase of the property in question for a consideration of $1,600, $100 of which was to be paid in cash, and the balance in accordance with the contract, the terms of which are not material. There is proof, again if competent, that appellee made the cash payment, and all subsequent payments under the contract, and in addition made improvements to the property at a cost of $750.

On July 31, 1930, J. H. Swope executed a deed to the mother, reciting $600 paid by her to him, and the assumption by her of the payment of a note in the sum of $1,000 payable to Miss Gussie Howard. On August 30, 1930, an extension agreement was made between the mother and Miss Gussie Howard for a renewal and rearrangement of the terms of payment of such note, all payments on which, until finally paid, being made by appellee. Appellee is not named in the contract of sale, the deed, or the extension agreement, the mother, Callatana Castro being named as purchaser, grantee, and mortgagor, respectively, and the release, dated January 2, 1936 also names only the mother. The title remained in that state throughout the mother's life, and was such when this suit was instituted. After the purchase of the property, it was occupied by the mother and appellee and at times by appellant, until the mother's death, and thereafter, until this suit was filed, by appellee alone.

The judgment of the trial court is attacked by appellant in four points of error. Points one and two are directed to the asserted error of the court in admitting and considering the testimony of the appellee, upon which the recited factual basis, and the finding of a parol trust in her favor, almost completely depend. Point three is directed to the insufficiency of the evidence to meet the law's requirement that the engrafting of a parol trust on land must be by evidence which is clear and convincing. Point four asserts that appellee's right to recover under the alleged trust is barred by the four year statute of limitations, and therefore the judgment is erroneous. For the reasons which we will undertake to state, this Court is of the opinion that upon the record before it, none of appellant's points presents reversible error, and that the judgment of the trial court should be affirmed.

Appellant's argument under her points one and two is premised upon the proposition that because the consideration for the conveyance to Callatana Castro of

the property here involved is contractual, parol evidence is incompetent to establish a trust in favor of the appellee. For precedential support, appellant cites Kidd v. Young, Tex.Civ.App., 185 S.W.2d 173; Bradshaw v. McDonald, Tex.Civ.App., 211 S.W.2d 797; Loeb v. Wilhite, Tex.Civ. App., 224 S.W.2d 343; Knox v. Long, Tex. Civ.App., 251 S.W.2d 911; Id., ·Tex., 257 S.W.2d 289; Hillman v. Graves, Tex.Civ. App., 134 S.W.2d 436; Clayman v. Lindsay, Tex.Civ.App., 247 S.W.2d 300; and Enos v. Leediker, Tex.Civ.App., 214 S.W. 2d 694. We have examined each of the cited authorities, and find them to be either not factually analogous to the present case, or to deal with legal propositions not here applicable. Kidd v. Young, for instance, was a suit by the grantor in a deed to engraft a trust as against the grantee in the deed, contrary to the contractual recitations in the deed itself. A similar factual situation is involved in Hillman v. Graves. Loeb v. Wilhite and Clayman v. Lindsay, supra, and Bates v. Bates, Tex. Civ.App., 270 S.W.2d 301, are cases dealing with the status of property conveyed to the wife as her separate property and estate and for which it is recited in the deed that the consideration was paid and payable out of her separate .estate, and to which transaction the husband was an actual party. Similar distinctions might be pointed out in each of the authorities relied upon by appellant. Basically and primarily, however, the inapplicability of appellant's stated proposition, and the authorities which she cites in support thereof, to the present case, results from the fact that her basic legal proposition correctly states the law, only as it is applicable to implied or resulting trusts; whereas in this case, the appellee alleged, and offered proof which has been held to be competent, of an express trust. The difference rests in the fact that in the express trust, every legal element of a trust must be agreed to between trustee and cestui que trust, whereas in a resulting trust one of the elements, though not expressly agreed to, is supplied by operation of law. The early Chancery cases in England, dealing with use estates,

established the doctrine that where a grantor conveys to a grantee without the payment of consideration the grantee holds the legal title for: the use of the grantor. The use or equitable estate thus created was termed a resulting use, and arose from the recognition by the Chancellor of the fact that a man does not, without reason, ordinarily give his property away. That doctrine has been extended to cases where the legal title is conveyed to one person, another paying the consideration, in which instance the grantee holds the legal title for the use of or in trust for the person paying the consideration. As a part of that doctrine, it has always been held that the consideration must be paid, and the trust must arise, at the very time of the transaction. Where, as here, the consideration is contractual, it has been held that a resulting trust may be established only where it is alleged and proven that the recitations of a contractual consideration were the result of fraud, accident or mistake.

■ Except as it may have been altered by statute passed since the accrual of this cause of action, the rule is not the same in the case of express trusts. Since the early case of James v. Fulcrod, 5 Tex. 512, it has been consistently held that parol evidence is admissible to establish an express trust in land. And in the case of Gardner v. Randell, 70 Tex. 453, 7 S.W. 781, in an opinion by Judge Gaines, the Supreme Court held that it makes no difference in such cases that the consideration is contractual, i. e., to be paid in the future rather than at the time of the transaction. Similar holdings have been made in Johnson v. Smith, 115 Tex. 193, 280 S.W. 158; McAlister v. Eclipse Oil Co., 128 Tex. 449, 98 S.W.2d 171; and Cluck v. Sheets, 141 Tex. 219, 171 S.W.2d 860. We consider these authorities to be determinative of the issues raised by appellant's points one and two, and such points are accordingly overruled.

■ In an effort to pass intelligently upon the appellant's point of error number three, this Court has. carefully examined

the entire statement of facts in the case. Appellant's argument under this point is based primarily upon the proposition that appellee's proof consists almost entirely of testimony of appellee herself. From the very nature of the litigation, such must necessarily be the case in this or any similar fact situation. The fact that appellee's testimony was contradicted by that of appellant does not render her testimony, if believed by the trial court, any less clear and convincing. At least three witnesses, who, so far as the record reflects were disinterested, corroborated appellee to the extent of relating statements made in their presence by the deceased mother in which she confirmed that appellee was paying for the property, and that it was in fact appellee's property. From the record, it appears that most of the witnesses who testified were uneducated people of Latin American descent, the testimony of some of them being taken through a language interpreter. The difficulty of expression which results from such conditions demonstrates most forcefully the advantageous position of the trial court in passing upon the credibility of witnesses and the weight to be given their testimony. While to some extent limited by these same considerations, the testimony of appellee is quite unequivocal and categorical. The strongest circumstance tending to contradict appellee's proof consisted of the introduction in evidence of the petition and answer in a suit between appellee and her mother involving the title to the same property which had been filed during the mother's lifetime. Appellee explained this occurrence, apparently to the satisfaction of the trial court, by stating that at a time when she and her mother had personal differences, her mother had expressed an intention to sell the property in order to get money to return to Mexico. Appellee filed the suit to forestall such action. Later she and her mother reconciled their personal differences, and the mother acknowledged appellee's ownership of the property. This testimony is corroborated by the subsequent dismissal of the law suit. In addition, appellee's allegations therein were consistent with those made in the present litigation. We feel that the proof meets the legal test of being clear and satisfactory. In so far as appellant addresses her argument to the proposition that the proof offered by appellee is incompetent as being violative of the parol evidence rule, we feel that such argument is amply met by the authorities heretofore cited, as well as by the case of Sevine v. Heissner, 148 Tex. 345, 224 S.W.2d 184. In that case, the Supreme Court of Texas expressly held that prior to the passage of the Texas Trust Act, either an express or constructive trust could be established by parol evidence, and that the statute would not bar parol evidence of an oral express trust arising before its passage.

■ By her fourth point, appellant asserts that appellee's cause of action accrued more than four years before the commencement of the suit, and is thus barred under the provisions of Article 5529, V.A.T.S. In her argument under this point, appellant relies primarily upon the decision in McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315. A careful review of the authorities leads this Court to the conclusion that the rule there stated is not applicable to this case. Rather it is this Court's view that this case is governed by the rule as stated by the Commission of Appeals in Carl v. Settegast, Tex.Com.App., 237 S.W. 238. The difference rests in the fact that the assertion by appellee of her equitable title did not require the aid of a court of equity to remove the impediments to such title caused by some written instrument or judgment. Appellee was not repudiating the deed to her mother, but was seeking to subordinate the legal title therein conveyed to the superior title which she held on account of the fiduciary relationship existing between her and her mother, and the circumstances under which the land was purchased and paid for. The equitable title which she asserted was in no way inconsistent with the deed to her mother, but depended thereon as a necessary muniment of title. Her right of recovery was predicated alone upon an express parol trust agreement, to the establishment of which

 

the deed constituted no barrier or impediment. Therefore under the authority of Carl v. Settegast, supra, we hold that her cause of action is governed by the provisions of Chapter 1, Title 91, and that Article 5529 has no application.

Judgment of the trial court is affirmed.