Florence **WIMBERLY**, Appellant,

v.

Mrs. R. S. **KNEELAND**, Appellee.

No. 12994.

Court of Civil Appeals of Texas.

Galveston.

July 12, 1956.

Rehearing Denied Sept. 20, 1956.

Harry P. Jarvis, I. J. Saccomanno and James R. Gough, Houston, for appellant.

Spiner, Pritchard & Thompson and Clark G. Thompson, Houston, for appellee.

HAMBLEN, Chief Justice.

Appellee instituted this suit in the District Court of Harris County seeking to establish a trust in her favor equal to a fifty per cent interest in land, the legal title to which is vested in appellant. She based her suit upon allegations, the substance of which are as follows: Appellant had been, at a time prior to the occurrence of the events giving rise to this litigation, married to the son of appellee. This marriage terminated in a divorce. After such divorce, appellant and appellee continued a very close and affectionate relationship which had begun during the marriage of appellant and appellee's son. In the light of this close and affectionate relationship, appellant and appellee verbally agreed to purchase for their joint use, ownership and occupancy as a residence, the property in controversy in this suit. The purchase price of the property was the sum of $9,950. Of this sum, appellee paid $3,450, representing the required cash payment, and appellant executed a note for the balance of $6,500, payable in monthly installments of approximately $66. By mutual agreement, alleged to have been made to avoid any difficulty with appellant's former husband, legal title was taken in the name of appellant alone, she to hold such legal title to the extent of a one-half interest therein, in trust for appellee. Following the transfer of legal title to appellant, by deed of August 1, 1945, appellant and appellee occupied the premises as a home. For a period of about eight years, during which the purchase money note above described was paid, the parties lived together in complete harmony. About March, 1953, a dispute arose between them, which, appellee alleges, rendered it impossible for appellee to continue to reside in the premises. Her prayer was for a partition of the property between appellee and appellant, and for general relief.

Appellant filed a general denial, and specifically alleged that the $3,450 paid by appellee was represented to be and was in fact a gift from appellee to appellant. Appellant also filed a cross-action for certain services rendered by her for appellee's benefit. This cross-action, however, was dismissed and is not here material.

By supplemental petition, appellee, as an alternative prayer, asked that if it be found that she was not the owner of an undivided one-half interest in the property, that she have judgment against appellant for the sum of $3,450, that an equitable lien be fixed against the property, and that such lien be foreclosed. She also again prayed for general relief, both legal and equitable.

With the issues thus joined, trial was had before a jury, which, in response to special issues submitted, found that appellee and appellant mutually agreed and intended: (1) that appellee would pay $3,450 as the cash payment for the property involved; (2) that appellant would pay the $6,500 note representing the balance of the purchase price; (3) that each would own a one-half interest in the property, and (4) that appellee, in making such agreement with appellant, relied upon the trust and confidence she "imposed" in appellant. The jury further found that appellee did not intend the sum of $3,450, which she contributed, as a gift to appellant. Upon such verdict, judgment was rendered decreeing that appellee recover an undivided one-half interest in the property, and ordering it sold and the proceeds divided between the litigants.

Appellant attacks the judgment entered in seven points of error. Her Points 2 to 5, inclusive, are directed to the proposition that there is no evidence justifying the submission of the special issues to the jury, and alternatively the findings of the jury are so against the great weight and preponderance of the evidence as to be clearly wrong. Since our disposition of appellant's remaining points of error renders certain of those above mentioned immaterial, we deem it appropriate to first discuss appellant's Points 1, 6 and 7. The substance of these points is that appellee's pleadings allege facts which amount to no more than an oral express trust in violation of the Texas Trust Act, Vernon's Ann.Civ.St. art. 7425b-1 et seq., and that the pleadings and evidence are insufficient to support the judgment either upon the theory of a constructive trust or a resulting trust. The phraseology of such points renders it difficult to rule upon them seriatim. The conclusions which we reach are as follows:

Since the events giving rise to this litigation occurred subsequent to the effective date of the Texas Trust Act, and since the agreement alleged by appellee is not evidenced by any written instrument, the judgment rendered cannot be supported upon the theory of an express trust. Appellee so concedes.

Neither, as appellee likewise concedes, can that judgment, in so far as it decrees that appellee is the owner of a *one-half* interest in the property, be supported upon the theory of a resulting trust. A resulting trust arises by operation of law when the title is conveyed to one person, but the purchase price is paid by another. Morrison v. Farmer, 147 Tex. 122, 213 S.W.2d 813. It does not depend upon any express agreement between trustee and beneficiary. The law supplies the agreement upon the theory that a person does not ordinarily give away his property. It arises, if at all, at the very time the legal title passes. Morrison v. Farmer, supra; Tolle v. Sawtelle, Tex.Civ.App., 246 S.W.2d 916, error refused. Its basis is the payment of consideration. Consequently, the interest of the beneficiary is in direct relationship to the proportionate part of the consideration paid. In the present case, the total consideration paid for the property in dispute amounted to $9,950, of which, at the time of the purchase, appellee paid $3,450. Upon the theory of a resulting trust, appellee's interest in the property

cannot exceed 3450/9950ths therein. Appellee so concedes.

■ To the extent that it decrees appellee to be the owner of a one-half, rather than a 3450/9950ths interest in the property, the judgment of the trial court is sustainable, if at all, upon the theory of a constructive trust. We are of the opinion that neither the pleadings nor the evidence establish a constructive trust.

The importance of the distinction between an express trust and a constructive trust has increased in this jurisdiction since the passage of the Texas Trust Act. See Sevine v. Heissner, 148 Tex. 345, 224 S. W.2d 184. We rest our conclusion that the judgment of the trial court cannot be supported upon the theory that a constructive trust is established under the pleadings and the evidence, primarily upon the decision of our Supreme Court in the case of Fitz-Gerald v. Hull, 150 Tex. 39, 237 S. W.2d 256, 262. In that case, Hull and Green, as plaintiffs in the trial court, sued Fitz-Gerald for a one-half interest in land. Plaintiffs alleged a verbal agreement that they would pay one-half and defendant would pay one-half of the purchase price; that the purchase was to be handled by defendant, but that title was to be taken in the names of plaintiffs and defendant; that in accordance with such agreement, plaintiffs stood ready, able and willing to pay one-half of the purchase price, which they then tendered into court; but that in violation of such agreement, defendant took title in his name alone and denied plaintiffs' interest in the property. In holding that the facts alleged, if true, established a constructive trust, the Supreme Court, speaking through Justice Griffin, exhaustively discusses the distinctions between express and constructive trusts. The Court quotes with approval the following section of Pomeroy's "Equity Jurisprudence":

" 'Sec. 1044. Generally. Constructive trusts include all those instances in which a trust is raised by the doctrines of equity for the purpose of working out justice in the most efficient manner, where there is *no intention* of the parties to create such a relation, and in most cases contrary to the intention of the one holding the legal title, and where there is *no* express or implied, written or verbal, *declaration* of the trust. * * *" (Emphasis ours.) The applicability of the quoted section to the facts of the Fitz-Gerald case is apparent. There was no intention on the part of the parties to create a trust relationship, nor was there any declaration of trust, express or implied, written or verbal. To the contrary, the agreement was that legal title would be taken in the names of all parties. The legal title was obtained by Fitz-Gerald in violation of that agreement and held by him in hostility to plaintiffs' rights of ownership.

In direct contrast are the facts in the present case. Here appellee alleged and testified to an intention to create a trust relationship, and to an express oral declaration of trust. And, rather than violating such intention and declaration, appellee's own proof is to the effect that appellant did take the legal title to hold in trust, as to a one-half interest therein, for appellee. As we understand the opinion in Fitz-Gerald v. Hull, supra, such allegation and proof do not establish a constructive trust. This seems abundantly clear in the light of the concurring opinion of Justice Garwood in that case, as the following quotation will serve to illustrate:

"What the Trust Act did do, however, was to emphasize, more than did the English statute, that a writing is required only where the intent and purpose of the transaction were for one person to hold a legal title for the use of another person."

We hold that in so far as a one-half interest in the property in dispute is concerned, appellee's pleading and proof establish only an oral trust, which is prohibited under the Texas Trust Act.

We confess some difficulty in reconciling our conclusion here reached with the holding, and the philosophy, of the holding

of our Supreme Court in the case of Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985. We do so upon the proposition that the result reached in the last cited case appears to have been justified by the court upon the equitable principle of restitution. The texts cited in the opinion in Fitz-Gerald v. Hull, supra, recognize that in certain defined exceptional cases a constructive trust may be implied, even though it will result in enforcing an oral trust contrary to the express words of the Statute. See Corbin on Contracts, Vol. 2, paragraph 401, pp. 372–373. Examination of the exceptions enumerated will disclose that the constructive trust is implied only in those instances where, and only to the extent that, it is necessary to restore to the plaintiff, property of which he has been deprived, either by fraud, or breach of confidence on the part of the defendant.

In the present case, the only property of which appellee has been deprived is the sum of $3,450. The establishment in appellee of an interest in the property involved equal to a 3450/9950ths thereof will do equity as between the parties. Such a result appears to us to be consistent with the decisions of our Supreme Court rendered since the passage of the Texas Trust Act. Whether the trust so established be designated a resulting trust, or a constructive trust, does not appear to be of material significance. What does appear to us to be of controlling significance is the proposition that the establishment of a beneficial interest in appellee in excess of 3450/-9950ths of the subject property can be supported only upon the oral agreement between the parties.

■ However, we are of the opinion that the pleadings and proof of appellee are sufficient to establish a resulting trust in the property to the extent of a 3450/-9950ths interest therein. While it is true that appellee does not specifically pray for the establishment of her interest to that extent upon the theory of a resulting trust, she does pray for general relief, both legal and equitable, to which the facts alleged entitle her. Appellant appears to concede, or at best does not deny, that the facts alleged, if true, are sufficient to establish a resulting trust to the extent of a 3450/9950ths interest in the property. We are of the opinion that the prayer for general relief supports a recovery by appellee of such interest.

■ We see no merit in appellant's contention that the jury finding that appellee did not intend her contribution of $3,450 as a gift lacks support in the evidence. In the first place, there exists the legal presumption that such payment was not a gift. While such presumption might become functus officio in the face of affirmative proof to the contrary, this record reflects a direct denial by appellee of any donative intent. Such evidence supports the jury finding. See Jackson v. Hernandez, Tex.Civ.App., 274 S.W.2d 131, affirmed Tex., 285 S.W.2d 184.

In the briefs of the litigants mention is made of the undisputed fact that appellee paid an additional sum of $1,000 upon the principal of the purchase money note executed by appellant. Since this payment was made after legal title vested in appellant, such payment cannot inure to appellee's benefit under the theory of a resulting trust. Whether or not it could give rise to any rights by way of subrogation is not in issue under the pleadings and is, therefore, not before us.

All of appellant's points not expressly passed upon relate only to the lack of support for the judgment appealed from, in so far as it establishes in appellee an undivided one-half interest in the property. They, therefore, become immaterial.

We conclude that the judgment of the trial court must be modified to the extent that appellee be decreed to be the owner of an interest of 3450/9950ths in and to the property involved, and that as so modified the judgment should be affirmed.

CODY, J., not sitting.