Albert H. BRODEN, Appellant,

v.

Odell BRODEN, Appellee.

No. 13516.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 14, 1959.

Rehearing Denied Dec. 9, 1959.

Second Rehearing Denied Jan. 6, 1960.

James M. Fly, Victoria, for appellant.

Rosson & McGown, San Antonio, for appellee.

BARROW, Justice.

This is a suit by Odell Broden for divorce and to have certain real estate located in Victoria and Lavaca Counties declared to be her separate property and estate. The case was tried before the court without a jury, and judgment was rendered for plaintiff both for the divorce and for the real estate. This appeal is from that judgment.

No complaint is made concerning the court's action in granting the divorce, but appellant complains of the trial court's judgment awarding the five tracts of land to appellee as her separate property.

The record shows the five tracts of land were conveyed by appellant to appellee in the year 1955, by general warranty deeds, each of which deeds contains the recited consideration of love and affection, and one of of them recites a further consideration of the assumption of the unpaid balance due upon a certain vendor's lien note in the principal sum of $11,000.

Appellee testified that the deeds were given to her by appellant as a community property settlement, in which she was to receive the real estate and appellant was to get the cash belonging to the estate.

Appellant testified that he gave the deeds to his wife for her to hold title to the property in her name during the time he was away on a trip to Israel, and that it was mutually agreed between them that the property was to remain their community estate and was to be divided equally between them.

The trial court, at the request of appellant, filed findings of fact and conclusions of law, and among other things found, that the properties were conveyed by appellant to appellee as a gift, and that the conveyances were not made in connection with any written agreement whatever.

Appellant attacks the finding of the court that the deeds were executed as a gift, and the judgment awarding the real estate to appellee as her separate property on the grounds: (1) That such finding has no support in the evidence; (2) that the evidence is not sufficient to support such finding, and (3) that such finding is contrary to the

great weight and preponderance of the evidence.

 There are three reasons why these points must be overruled. First, each deed, showing on its face that the property is conveyed from husband to wife in consideration of "love and affection," is evidence of a deed of gift and is some evidence in support of the trial court's finding. King v. King, 150 Tex. 662, 244 S.W.2d 660. Second, the contentions made by both appellant and appellee are based upon their own testimony, they being interested witnesses. The trial court as the trier of the facts is authorized to disregard all or part of the testimony of any witness. Muro v. Houston Fire & Casualty Ins. Co., Tex.Civ.App., 329 S.W.2d 326; 17 Tex.Jur. 896, § 405. Third, appellant, by his parol testimony, seeks to engraft upon deeds absolute on their face, an express trust in violation of the Texas Trust Act, Article 7425b–7, Vernon's Ann.Tex.Stats. Sevine v. Heissner, 148 Tex. 345, 224 S.W.2d 184.

 Appellant's points to the effect that there is insufficient evidence in the record to support the trial court's finding, and that such finding is "contrary to the great weight and preponderance of the evidence," present nothing for review. It is not enough that the finding is against the great weight and preponderance of the evidence, it must be so against the weight and preponderance of the evidence as to be manifestly wrong or unjust. King v. King, supra; Continental Bus System, Inc. v. Biggers, Tex.Civ.App., 322 S.W.2d 1.

Appellant also contends that the court erred in holding that the property known as the Yoakum "Big House" tracts was initially community property, because there was no evidence to support such finding, in that the evidence showed that this property was partly bought with his separate funds, and to that extent it was his separate property.

 Inasmuch as the record shows that appellant conveyed the property to appellee, the deed would convey all his interest therein, whether community or separate; therefore, it becomes immaterial whether the property be community, or partly community and partly separate. Hence, even if the above finding was erroneous, it becomes harmless. Rule 434, Texas Rules of Civil Procedure.

The judgment is affirmed.

On Motion for Rehearing.

 In deference to appellant's vigorous motion for rehearing, we have again examined the record in this cause, and, in doing so, we have considered all the evidence in the record, both supporting and against the trial court's finding that the conveyance of the real estate involved in this suit was a gift of appellant's interest in the property to appellee, and have reached the conclusion that such finding is not so contrary to the overwhelming weight and preponderance of all the evidence as to be clearly wrong or manifestly unjust.

The motion is overruled.